IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 22-cr-15 (APM) |
| v. | : |
| ELMER STEWART RHODES III, | : |
| KELLY MEGGS, | : |
| KENNETH HARRELSON, | : |
| JESSICA WATKINS, and | : |
| THOMAS CALDWELL, | : |
| Defendants. | : |

## GOVERNMENT'S OPPOSITION TO DEFENDANT CALDWELL'S MOTION IN LIMINE TO ADMIT CERTAIN INCONSISTENT STATEMENTS MADE BY THE GOVERNMENT

Defendant Thomas Caldwell has moved to admit with "appropriate redactions" hundreds of pages of pleadings, court transcripts, earlier indictments, and a television interview made by the former US Attorney for the District of Columbia. ECF 299. The government does not object to admitting, *in toto*, the pleadings and statements made by the government during the course of this litigation.[1] However, without further information about which precise statements Caldwell seeks to redact or admit, his motion should be denied.[2]

### ARGUMENT

---

[1] Under the rule of completeness, the government would seek to admit the current indictment, as well.

[2] In passing, Defendant Caldwell notes that he may call former US Attorney Michael Sherwin as a witness at trial. ECF 299 at 2. If so, the defendant must comply with the Department of Justice's *Touhy* regulations and provide an "affidavit, or, if that is not feasible, a statement . . . setting forth a summary of the testimony sought." 28 CFR 16.23 (c). See generally *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *Touhy* regulations include former Department of Justice employees questioned about their duties while employed with the Department. *See* 28 CFR 16.21(a) (covering "any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status").

In certain circumstances, the defense may introduce sworn statements and signed documents made by the government as statements of a party opponent. *United States v. Morgan*, 581 F.2d 933, 938 (D.C. Cir. 1978)). Unsworn statements made during the course of an investigation are not automatically entitled to the same treatment. *United States v. Warren*, 42 F.3d 647 (D.C. Cir. 1994). "The D.C. Circuit appears to be motivated by the principle that holding the government to the assertions of a public official who is unrelated to the prosecution is unfair, unless the government manifestly adopts the statement before the court." *United States v. Bagcho*, 151 F. Supp. 3d 60, 69 (D.D.C. 2015). Admissions by the government that would mislead or confuse the jury are not admissible. *See United States v. Brown*, 503 F. Supp. 2d 226, 229 (D.D.C. 2007) (holding that certain prior government pleadings sought to be admitted by the defense would "mislead the jury"). As with any statement, the court may admit additional documents as necessary under the rule of completeness. *Id.* As always, a trial court may prevent the introduction of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Watson*, 409 F.3d 458, 463 (D.C. Cir. 2005).

Without further information about what exactly the defense seeks to admit, the government opposes the motion. Far from the defendant's claim that the government engages in "Jedi mind trick[s]" (ECF 299 at 2), the government's various pleadings and superseding indictments have added charges and defendants consistent with the evidence that the government obtained in the course of hundreds of interviews, subpoenas, and search warrants. Generally, the government's chief concern regarding the defendant's proposal is that the documents would prejudice the

2

government *and* various defendants. Lay juries should not be expected to understand the processes of criminal law and would likely be confused by the various documents offered by the defense. Further, many of the documents offered by the defense include references to materials that the defense has sought to preclude from the trial.

Caldwell claims that he seeks to admit prior *inconsistent* made by the government. ECF No. 299 at 6-7. But he never identifies a prior government statement that is allegedly inconsistent with a later government statement.

## CONCLUSION

The government respectfully opposes the defendant's motion to admit prior pleadings, indictments, and interviews of government officials as statements of a party opponent. In the alternative, the government has no objection to prior pleadings, transcripts, and indictments being admitted, as long as they are admitted in their entirety.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     /s/
Louis Manzo
Assistant United States Attorney
Mass Bar No. 688337
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

3

                         /s/
                         ————————————
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004