IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )          CR No. 22-15
                                    )          Washington, D.C.
          vs.                       )          March 2, 2022
                                    )          5:30 p.m.
JOSHUA JAMES (5),                   )
                                    )
          Defendants.               )
_____)


TRANSCRIPT OF PLEA AGREEMENT HEARING VIA ZOOM PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE



APPEARANCES

For the Government:          Troy Edwards
                             U.S. ATTORNEY'S OFFICE
                             555 Fourth Street, NW
                             Washington, D.C. 20530
                             (202) 252-7277
                             Email:
                             troy.edwards@usdoj.gov

                             Justin Todd Sher
                             U.S. DEPARTMENT OF JUSTICE
                             950 Pennsylvania Avenue NW
                             Washington, D.C. 20530
                             202-353-3909
                             Email: justin.sher@usdoj.gov

APPEARANCES CONTINUED:

For Defendant:                    Joan C. Robin
                                  LAW OFFICE OF JONI C. ROBIN
                                  114 North Alfred Street
                                  Alexandria, VA 22314
                                  (703) 349-1111
                                  Email: joni@jonirobinlaw.com

                                  Christopher R. K. Leibig
                                  LAW OFFICES OF
                                  CHRISTOPHER LEIBIG
                                  421 King Street
                                  Suite #505
                                  Alexandria, VA 22314
                                  (202) 320-8850
                                  Email:
                                  chris@chrisleibiglaw.com

Pretrial Services Officer:        Christine Schuck

Court Reporter:                   William P. Zaremba
                                  Registered Merit Reporter
                                  Certified Realtime Reporter
                                  Official Court Reporter
                                  E. Barrett Prettyman CH
                                  333 Constitution Avenue, NW
                                  Washington, D.C. 20001
                                  (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

PROCEEDINGS

1    P R O C E E D I N G S

2    COURTROOM DEPUTY:  Good afternoon, Your Honor.

3  This is Criminal Case No. 22-15-5, United States of America

4  versus Joshua James.

5    Troy Edwards and Justin Sher for the government.

6    Joan Robin and Christopher Leibig for the defense.

7    Christine Schuck on behalf of Pretrial Service.

8    The defendant's appearing via videoconference for

9  this hearing.

10    THE COURT:  Okay, good afternoon, early evening,

11  everyone.  Sorry for keeping everybody waiting.  Thank you

12  for your patience.  The day has been like a bad car

13  accident; when the first car crashes, so does everyone, all

14  the other cars behind it.  So I appreciate your patience.

15    Okay.  We're here because I understand Mr. James

16  wishes to enter into a plea; is that correct?

17    MR. LEIBIG:  Yes.

18    MS. ROBIN:  Yes, Your Honor, that's correct.

19    THE COURT:  Before we proceed, let me just make a

20  couple of inquiries of the government and then I'll turn to

21  defense counsel about Mr. James waiving his right to appear

22  in person since we are proceeding remotely.

23    The first question, Mr. Edwards, is, maybe I

24  missed it, but I didn't see an explicit statement in the

25  plea agreement that the government would agree to dismiss

1    the other counts of the indictment at sentencing?

2              MR. EDWARDS:  Yes, Your Honor, the government's

3    prepared to do so at sentencing.

4              THE COURT:  Okay.  I just want to make that clear

5    that that is on the record.

6              The other question is just a general one, which

7    is, I noticed one significant deviation, or maybe even two,

8    from the ordinary pleas, and that that is, in this case,

9    both parties are reserving their right to ask for

10   variances -- excuse me, for departures, and both sides are

11   actually reserving the right to -- for variances as well,

12   including upward variances and upward departures.

13             Is there anything else I ought to be aware of or

14   sensitive to?  Because I think that's the only sort of major

15   difference that I caught from the usual plea agreements.

16             MR. EDWARDS:  From the government's perspective,

17   Your Honor, I don't believe there's anything that would

18   deviate other than maybe some of the particular specifics as

19   to the Guidelines, but I'm sure --

20             THE COURT:  Right.

21             MR. EDWARDS:  Yeah.

22             THE COURT:  I'm leaving all of that aside.

23   Obviously, that's defendant and charge specific.

24             MR. EDWARDS:  Right.

25             THE COURT:  All right.  Those are the sort of

```
 1   preliminary questions I had of the government.  Let me turn

 2   to Ms. Robin.

 3            Ms. Robin, have you discussed Mr. James' right to

 4   appear in person for a plea hearing?

 5            MS. ROBIN:  Yes, we have, Your Honor.

 6            THE COURT:  And is he prepared to waive that

 7   right, Ms. Robin?

 8            MS. ROBIN:  He is prepared.  It is his desire to

 9   waive the right to appear in person, and to appear via video

10   instead.

11            THE COURT:  Okay.

12            Ms. Robin, let me just say at the outset, your

13   Internet connection's perhaps not as strong as it needs to

14   be, and so there may be a little cutting in and out.  So

15   we'll just take this as it comes, okay?  And we may at some

16   point need to put Mr. James on the phone and keep you all on

17   video so we can hear him clearly.

18            MS. ROBIN:  I understand.

19            THE COURT:  Let me inquire of Mr. James.

20            Mr. James, I want to make sure you understand that

21   you have a right to an in-person plea hearing.  That means

22   you have a right to appear at the courthouse in person to

23   enter your plea.  Do you understand that, sir?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  And are you giving up that right,
```

1    Mr. James; that is, appear remotely for this hearing and

2    giving up your right to appear in person?

3                THE DEFENDANT:  Yes, Your Honor, I understand.

4                THE COURT:  So I do find that Mr. James is

5    knowingly and voluntarily waiving his right to an in-person

6    hearing.  I also find that it is in the interests of justice

7    to proceed with this hearing remotely, as the parties have

8    reached an agreement and it is in the parties' interests, as

9    well as the public's interest, for that agreement to be

10   finalized.

11               Additionally, we continue to have authorization

12   under the CARES Act to proceed remotely for plea hearings,

13   and our Chief Judge has extended our authority to proceed

14   remotely for plea hearings.

15               Okay.  With that, is there anything else either

16   side wants to raise or discuss before we turn to the inquiry

17   for Mr. James?

18               MR. EDWARDS:  Nothing from the government,

19   Your Honor.

20               MS. ROBIN:  Nothing from the defense.

21               THE COURT:  All right.  Mr. James, let me turn to

22   you.

23               Mr. James, I understand from your lawyers that you

24   wish to plead guilty and enter a plea; is that correct, sir?

25               THE DEFENDANT:  Yes, sir.

```
 1              THE COURT:  Okay.
 2              I think we may need to do this and get Mr. James
 3    on the phone.  I think there's just too great a delay and I
 4    don't want to risk there being anything lost in the
 5    communication here.
 6              So why don't we do the following.  We'll get
 7    Mr. James and his counsel on by phone, have you dial in,
 8    keep your Zoom line on mute.  That way we can see you.  So
 9    why don't we take a couple minutes to do that.
10              MS. ROBIN:  Very well.  Thank you, Your Honor.
11              THE COURT:  Okay.
12              All right.  That actually is much better,
13    Ms. Robin, and I think that'll help us move through this.
14              All right.  So, Mr. James, let me begin again.
15    I want to just make sure I understand -- I understand from
16    your lawyers that you wish to enter a plea of guilty today;
17    is that correct, sir?
18              THE DEFENDANT:  Yes, sir.
19              THE COURT:  Okay.
20              I'm going to ask you to keep your voice up, and if
21    you need to, to increase the volume on the phone.
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  All right.  Terrific.
24              In order for me to accept your plea, Mr. James,
25    I need to ask you a series of questions.  Those questions
```

```
 1   are designed to make sure that I'm satisfied that you
 2   understand what rights you are giving up by entering this
 3   plea as well as the general terms of the plea, okay?
 4            If at any point, Mr. James, you don't understand a
 5   question that I've asked you, feel free to ask me to repeat
 6   it.  Is that understood?
 7            THE DEFENDANT:  Yes, sir.
 8            THE COURT:  And if you wish to consult with your
 9   counsel before you answer any question, you may do that as
10   well.  Do you understand that, Mr. James?
11            THE DEFENDANT:  Yes, sir.
12            THE COURT:  All right.
13            Now, before I can begin -- before I begin asking
14   you these questions, Mr. James, I need to place you under
15   oath.  So I'm going to ask you to raise your right hand and
16   listen to Mr. Douyon.
17            COURTROOM DEPUTY:  Raise your right hand.
18            (Defendant is placed under oath.)
19            COURTROOM DEPUTY:  Thank you.
20            THE COURT:  All right.
21            Mr. James, now that you've been placed under oath,
22   what that means, sir, is that if you testify falsely, you
23   could be prosecuted for perjury or making a false statement.
24   Do you understand that?
25            THE DEFENDANT:  Yes, sir.
```

```
1              THE COURT:  And what is your date of birth,
2  Mr. James?
3              THE DEFENDANT:  June 17th, 1987.
4              THE COURT:  And how far did you go in school, sir?
5              THE DEFENDANT:  My junior year, sir.  11th year.
6              THE COURT:  11th year?  All right.
7              Have you earned any degrees after that, either a
8  GED or certifications?
9              THE DEFENDANT:  Yes, I do have my GED.
10             THE COURT:  Okay.
11             Mr. James, have you taken any drugs or medications
12 or anything else in the last two days that might make it
13 difficult for you to follow these court proceedings?
14             THE DEFENDANT:  No, sir.
15             THE COURT:  Is there any other reason that you can
16 think of that might make it difficult for you to follow
17 these proceedings?
18             THE DEFENDANT:  No, sir.
19             THE COURT:  Does counsel for either side have any
20 reason to question Mr. James' competence to enter a plea at
21 this time?
22             MS. ROBIN:  No, Your Honor.
23             MR. EDWARDS:  No from the government.
24             THE COURT:  All right.
25             Based then upon my inquiries of Mr. James as well
```

```
1   as the representations of his counsel, I find that he is
2   fully competent and capable of entering an informed plea.
3              Were you born in the United States, Mr. James?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  Okay.
6              Now, have you had enough time to talk to your
7   lawyers about the plea that you wish to enter into today,
8   sir?
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  And are you satisfied with the
11  services that your lawyers have provided you, sir?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  All right.
14             Mr. James, I understand that instead of going to
15  trial, you wish to plead guilty to two counts of the
16  indictment against you.  Count 1 of the indictment, which is
17  seditious conspiracy, in violation of 18 United States Code
18  2384, and Count 3 of the indictment, which is obstruction of
19  an official proceeding, in violation of 18 United States
20  Code 1512(c)(2); is that correct, sir?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  Okay.
23             I want to make sure I didn't detect any hesitation
24  there, Mr. James.  That's what you wish to enter a plea of
25  guilty to, sir?
```

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Okay.

3          And, Mr. James, if you need a moment at any time,

4  I understand this may be difficult, just let me know,

5  all right?

6          I'm going ask the Courtroom Deputy to put up a

7  copy of the plea agreement on the screen.

8          Mr. James, I'm going to ask you to take a look at

9  what's on the screen and then I will ask you to affirm for

10  me whether that is the plea agreement that you're entering

11  into, okay?  It's a 14-page document.

12          THE DEFENDANT:  Yes, I do have it, sir.

13          THE COURT:  Okay.

14          Now, Mr. James, that 14-page document that is up

15  on the screen, is that a copy of your -- or is that the

16  plea agreement that you have entered into, sir?

17          THE DEFENDANT:  That is correct.

18          THE COURT:  All right.

19          And on page 14 of that document which appears on

20  the screen, is that your signature on that page, sir?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.

23          Now, have you read this document or have you had

24  it read to you, Mr. James?

25          THE DEFENDANT:  Yes, sir, I have.

1        THE COURT:  And are there any questions about this

2   document that you have not had answered to your

3   satisfaction?

4        THE DEFENDANT:  No, sir.

5        THE COURT:  All right.

6        Now, Mr. James, I'm not going to go over every

7   single paragraph and every single sentence that's contained

8   in this document, okay?

9        What I'm going to go over today are the main

10  components of the agreement that I'm required to by rule;

11  however, the fact that I don't go over a particular sentence

12  or particular paragraph or a particular promise that you've

13  made does not mean that you are not bound be every promise

14  you have made in this agreement.  Is that understood?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  First thing I'm going to go over,

17  Mr. James, are what I -- what essentially you've agreed to

18  plead to and what the government is agreeing to do in

19  exchange.  I'll then move on to the sentencing terms and

20  we will then move forward from there, okay?

21       Do you understand, Mr. James, that you are

22  agreeing to plead guilty to one count of seditious

23  conspiracy, that's Count 1 of the indictment, as well as one

24  count of obstruction of an official proceeding?  Do you

25  understand that, sir?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  You also are agreeing that -- there is

3  a separate document called the Statement of Offense, and

4  we'll be talking about that shortly.  You are agreeing that

5  the Statement of Offense document fairly and accurately

6  describes your actions.  Do you understand that?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  And in exchange, do you understand

9  that the government has agreed that it will not bring any

10  other charges against you for the conduct that is described

11  in the Statement of Offense?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  The government has also agreed that at

14  the time of sentencing, they will dismiss the remaining

15  counts of the indictment.  Is that understood?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  And, finally, the government is

18  agreeing not to bring any other charges against you for any

19  non-violent criminal offense in violation of federal or D.C.

20  law that was committed within the District of Columbia

21  before you executed the agreement and about which the

22  U.S. Attorney's Office was made aware by you prior to the

23  execution of the agreement; however, they are reserving the

24  right to prosecute you for any crimes of violence.  Is that

25  understood?

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  Okay.

3    As part of this agreement, Mr. James, you have

4    agreed to fully cooperate with the United States; that is,

5    fully agreed to cooperate with the Department of Justice,

6    the U.S. Attorney's Office for the District of Columbia, and

7    any federal agents.  Do you understand that, sir?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  That cooperation includes, among other

10   things, Mr. James, you have agreed to testify before a grand

11   jury and at trial.  Do you understand that?

12   THE DEFENDANT:  Yes, sir.

13   THE COURT:  You've agreed to sit for interviews

14   with law enforcement and government prosecutors?

15   THE DEFENDANT:  Yes, sir.

16   THE COURT:  You've agreed to waive your right to

17   counsel at any of those interviews, but you can request to

18   have your counsel present.  Do you understand that?

19   MS. ROBIN:  Your Honor, just to interpose here.

20   There is a provision of the agreement that allows,

21   upon written notice, for the defense to exercise the right

22   for counsel to be present.  We have provided that written

23   notice, and the government has indicated in the

24   plea agreement they will honor that.

25   THE COURT:  Okay.

1              All right.  Thank you for that clarification.

2    I had seen that, but now that you've provided the written

3    notice -- you've invoked your right, Mr. James, to have your

4    counsel present at those interviews, so that's not something

5    you're waiving.

6              You are, however, agreeing that any statements

7    that you make as part of those interviews can be used

8    against you at sentencing.  Do you understand that, sir?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  And you've also agreed --

11             MS. ROBIN:  I apologize for intervening.

12             Just to be clear, paragraph 11 of the agreement

13   makes it clear that the information, the truthful

14   information he provides, will not be used against him to

15   determine the Sentencing Guidelines.  There are exceptions

16   laid out in 1B1.8, but just for that clarification.

17             THE COURT:  Okay.  Thank you, Ms. Robin.

18             You also understand, Mr. James, that you've agreed

19   to turn over all evidence of crimes, contraband, and

20   proceeds of crimes, as well as any assets traceable to such

21   crimes?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  All right.

24             And finally, sir, as part of the substantial

25   assistance that you've agreed to provide, and this isn't an

1    exhaustive list, but you've agreed to also provide a full

2    and complete accounting of your financial assets.  Do you

3    understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  All right.

6              Now, the next thing I'm going to do, Mr. James, is

7    go over the sentencing terms.

8              The first thing I'm going to go over with you are

9    the maximum penalties associated with each of the offenses

10   and then we'll talk about the Sentencing Guidelines, okay?

11             Do you understand, Mr. James, that for the charge

12   of seditious conspiracy, that the maximum penalty is

13   20 years in prison?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  A fine of $250,000?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  A term of supervised release of not

18   more than three years?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  You also will be obligated to pay an

21   order of restitution.  Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And you will also be obligated to pay

24   interest or penalties or potentially obligated to pay

25   interest or penalties on any fine or restitution that is not

1    timely paid?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And you also will be responsible for a

4    $100 Special Assessment to the Court.  Do you understand

5    that?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  All right.

8            On the count of obstruction of an official

9    proceeding, Mr. James, do you understand that the maximum

10   penalty is 20 years in prison?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  A fine of $250,000 is the maximum

13   fine?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  A supervised release term of not more

16   than three years?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  You also will be obligated to pay an

19   order of restitution.  Do you understand that?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  And you also will be obligated to pay

22   any interest or penalties on any fine or restitution that is

23   not timely paid?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  And, finally, you will be obligated to

1    pay $100 Special Assessment for that second count, for a

2    total of $200.  Is that understood?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Okay.

5            Mr. James, those are just the maximum penalties,

6    those are the maximum penalties that are associated with the

7    two offenses to which you're pleading.

8            I'm now going to go over with you the Sentencing

9    Guidelines.

10           Now, have you had an opportunity to discuss the

11   Guidelines with your counsel?

12           THE DEFENDANT:  Yes, I have, Your Honor.

13           THE COURT:  All right.

14           So the Sentencing Guidelines, Mr. James, they are

15   essentially based upon three factors:  Your criminal

16   history, the offenses to which you are pleading, and the

17   facts and circumstances of those offenses.  And what I'm

18   going to do is sort of go over what you, your counsel, and

19   the government have estimated to be the Guidelines, okay?

20           Starting with your criminal history, the parties

21   have estimated that you have no criminal history points,

22   which would put you in Criminal History Category I.  Do you

23   understand that?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Now, Mr. James, at this point, do you

1  understand that this is an estimate, and that what will

2  happen prior to your sentencing is that the Probation Office

3  will do a thorough review of your criminal history.  Do you

4  understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And if it turns out for some reason,

7  Mr. James, that you have more criminal history points than

8  the parties believe right now and you end up in a higher

9  Criminal History Category, that would not be a basis for you

10  to withdraw your plea.  Is that understood?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  All right.

13          Let's talk then about the offense level.

14          Mr. James, for the count of seditious conspiracy,

15  you have agreed that treason is the most analogous offense

16  Guideline.  And under that Guideline, we're also supposed to

17  consider, if memory serves, the conduct that is most

18  analogous to the offense, and that the parties have

19  concluded that to be obstruction of justice.  Do you

20  understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  So your Guidelines for the seditious

23  conspiracy offense begin with a base level of 14; an

24  additional eight levels are added for causing, threatening

25  injury or damage; an additional three levels have been added

1  for substantial interference with justice; an additional two

2  levels for extensive, scope, planning, or preparation; an

3  additional two levels for obstruction associated with the

4  destruction of documents or other evidence; as well as an

5  additional three levels for an aggravating role in the

6  offense, for an adjusted offense level of 32.  Do you

7  understand that, sir?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.

10          On the count of obstruction of an official

11  proceeding, the Guidelines are exactly the same:  Base

12  Offense Level of 14; an additional eight levels for causing,

13  threatening injury or damage; an additional three levels for

14  substantial interference with justice; additional two levels

15  for extensive scope, planning or preparation; an additional

16  two levels for obstruction; and an additional three levels

17  for the aggravating role in the offense, for a total

18  adjusted offense level of 32.  Do you understand that, sir?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  The way the Guidelines work,

21  Mr. James, is that because you are charged with two

22  offenses, we're supposed to consider the adjusted offense

23  level for each offense.  And in your case because the

24  adjusted offense level is the same for each offense, what

25  that means is that the combined offense level in this case

1    is 32.  Do you understand that?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  You will receive a three-level

4    reduction for acceptance of responsibility, for a total

5    offense level of 29.  Do you understand that?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  And, Mr. James, just in the same way

8    that your criminal history was an estimate, this total

9    offense level is an estimate at this point.  Do you

10   understand that, sir?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  And what will also happen, in addition

13   to a review of your criminal history, is that the

14   Probation Office will make a recommendation to me as to what

15   your offense level should be.  Do you understand that?

16           THE DEFENDANT:  Yes, I do, sir.

17           THE COURT:  And ultimately the decision about what

18   that offense level is is my decision and my decision alone.

19   Do you understand that, sir?

20           THE DEFENDANT:  I do, sir.

21           THE COURT:  And if it turns out that I make a

22   decision that the offense level is greater than a 29, that

23   would not be a basis for you to withdraw your plea.  Is that

24   understood, sir?

25           THE DEFENDANT:  Understand, sir.

1          THE COURT:  All right.

2          So based then upon a zero -- excuse me, a Criminal

3   History Category I and a total offense level of 29,

4   do you understand, Mr. James, that the estimated Guidelines

5   in this case are 87 months to 108 months of incarceration?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  And an estimated fine range of 30,000

8   to $300,000.  Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Now, these Guidelines, Mr. James,

11   these are just estimates at this point.  Do you understand

12   that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  And if it turns out that I determine a

15   higher Guidelines Range is applicable, that would not be a

16   basis for you to withdraw your plea.  Is that understood?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  All right.

19          As part of your plea agreement, Mr. James, you

20   also made some promises or agreements about -- with the

21   government about how the Guidelines can be calculated and

22   argued.

23          You have agreed that you will not ask for a

24   different offense level; that is, a different offense level

25   than the 29.  Do you understand that?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  However, both parties, that includes

3    the government, can argue for a different Criminal History

4    score.  Is that understood?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Both parties have also agreed that

7    they can ask for departures in this case.  And what that

8    means is that whatever the Guidelines Range is, that

9    Guidelines Range can be moved either up or down, depending

10   upon various factors.  Do you understand that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  And what you've agreed to in this

13   case, Mr. James, is that the government can actually move --

14   can ask for an upward departure from the Guidelines.  Do you

15   understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And by the same token, you have

18   reserved the right to ask for a downward departure from the

19   Guidelines Range.  Is that understood?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  All right.

22             Now, one of the departures that is at -- that's

23   part of this agreement is based upon your agreement to

24   cooperate; it is called a 5K1.1 departure or a 5K1.1 motion.

25             Are you familiar with that, Mr. James?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  All right.

3            Now, what that means, Mr. James, is that if you

4   don't fully cooperate, the government is relieved of its

5   obligation under the agreement to make any motion under

6   Guideline 5K1.1.  Do you understand that?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  It is entirely up to the government,

9   Mr. James, whether you have fully cooperated or not.

10  Is that understood?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  And so ultimately if the government

13  decides that you've not fully cooperated but you think that

14  you have, you can't turn to me to make the argument that

15  you, in fact, have fully cooperated and should be getting

16  the 5K 1.1 departure.  Do you understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  And even though the government,

19  Mr. James, makes a recommendation and makes a motion under

20  5K1.1, ultimately it's my decision whether to grant that

21  motion.  Do you understand that?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  And do you understand, Mr. James, that

24  if the government does not make the 5K1.1 motion or if I

25  don't grant it, that would not be a basis for you to

1  withdraw your plea, sir?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  All right.

4          Now, Mr. James, we've now just talked about the

5  Guidelines Range and departures.

6          In addition to the Guidelines Range, Mr. James,

7  I must consider a whole host of factors that I'm required to

8  by law under United States Code 3553(a).  Among the factors

9  that I must consider, Mr. James, are your family history,

10 educational history, work history, any of the factors that

11 you may think would be relevant to your sentencing.  Do you

12 understand that, sir?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  And likewise, the government has

15 reserved the right to bring any factors that it might wish

16 for me to learn about at sentencing.  That would include

17 your conduct in connection with the offense, any criminal

18 history, and any degree of cooperation that you've provided,

19 among other factors.  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Now, what that means, Mr. James, is

22 that the Guidelines Range, whatever that may turn out to be,

23 I have the authority to vary from that Guidelines Range,

24 depending upon those factors that we've just talked about.

25 Do you understand that?

1                    THE DEFENDANT:  Yes, sir.

2                    THE COURT:  What that means, Mr. James, in this

3    case is that I could vary below the Guidelines.  Do you

4    understand that?

5                    THE DEFENDANT:  Yes, sir.

6                    THE COURT:  As well as the government has reserved

7    the right in this case to vary above the Guidelines; that

8    is, they've reserved the right to ask me to go above the

9    Guidelines, whatever that may be.  Do you understand that,

10   sir?

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  And you understand, Mr. James, that

13   the government has made no promise in this case about what

14   recommendation of a sentence to make to me?

15                   THE DEFENDANT:  Yes, sir.

16                   THE COURT:  And do you understand, Mr. James, that

17   whatever the Guidelines are that you have been -- whatever

18   they may be that have been proposed to me, that those aren't

19   binding upon me.  Do you understand that, sir?

20                   THE DEFENDANT:  Yes, sir.

21                   THE COURT:  And that ultimately what the

22   Guidelines decision is or what the Guidelines range is,

23   that's my decision and my decision alone.  Is that

24   understood?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  All right.

2          So has anybody promised you, Mr. James, what my

3     sentence will be in this case?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  All right.

6          That's good, Mr. James, because nobody can promise

7     you what my sentence will be, because that decision is mine

8     and mine alone.

9          So that means, Mr. James, that I could sentence

10    you to within the Guidelines Range, above the Guidelines

11    Range, or below the Guidelines Range, so long as the

12    sentence does not exceed the statutory maximum.  Is that

13    understood?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And, finally, Mr. James, if you are

16    not happy with the sentence that I ultimately impose,

17    you understand that that would not be a basis for you to

18    withdraw your plea, sir?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Okay.

21         Let's turn to another aspect of this plea

22    agreement, Mr. James; that is, restitution.  Restitution is

23    an amount that you pay that essentially assists in this case

24    to make the victim whole; in this case, that is the

25    United States Government.  You have acknowledged, Mr. James,

1   as part of this agreement, that there was about $1.5 million

2   in damage done to the Capitol on January the 6th.  Do you

3   understand that?

4           THE DEFENDANT:  Yes, I do, Your Honor.

5           THE COURT:  And you've agreed, as part of this

6   agreement, to pay restitution in the amount of $2,000.

7   Is that understood?

8           THE DEFENDANT:  Give me one second, Your Honor.

9           THE COURT:  All right.  So let me ask the question

10  again, Mr. James; that is, do you understand that you've

11  agreed to pay $2,000 in restitution?

12          I think you're on mute.

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Okay.

15          Yeah, could you mute the Zoom line, please?

16          Great.  Okay.

17          All right.  So I think we heard Mr. James

18  acknowledge that he understands that he is obligated to pay

19  $2,000 in restitution under this agreement; is that correct?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  All right.

22          Now, Mr. James, just for your information, the

23  decision about how much restitution to pay, that's my

24  decision, even though you've agreed to only pay $2,000, or

25  pay $2,000, I should say.  And if I decide for some reason

```
1    that the amount is greater than $2,000 or should be greater
2    than $2,000, that would not be a basis to withdraw your
3    plea.  Is that understood, sir?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  Okay.
6              Let's turn then to another document that's
7    associated with this plea agreement, it's called Statement
8    of Offense.  I'm going to ask Mr. Douyon to bring that
9    Statement of Offense document up on the screen and ask you
10   to take a look at that document.  It's a 15-page document
11   titled Statement of Offense.
12             THE DEFENDANT:  I do have it, Your Honor.
13             THE COURT:  Okay.
14             Now, Mr. James, is that Statement of Offense
15   document, is that document -- or the Statement of Offense
16   that's associated with your plea agreement?
17             THE DEFENDANT:  Yes.
18             THE COURT:  And on page 15 of the agreement,
19   Mr. James, is that your signature?
20             THE DEFENDANT:  Yes, Your Honor.
21             THE COURT:  All right.
22             Have you had an opportunity to read this agreement
23   or have you had it read to you, Mr. James?
24             THE DEFENDANT:  Yes, sir, I have.
25             THE COURT:  And are there any questions that you
```

1    have, Mr. James, about what this document contains or what

2    it says?

3                    THE DEFENDANT:  No, sir.

4                    THE COURT:  Okay.

5                    Before we turn to the document a little further,

6    Mr. James, I'm going to turn to the government.

7    Mr. Edwards, I'll ask you to please state the elements of

8    each offense to which Mr. James is pleading.

9                    Mr. James, please pay attention to Mr. Edwards,

10   because after he is done, I'm going to ask you whether you

11   understand the elements of each offense to which you're

12   pleading, okay?

13                   MR. EDWARDS:  Thank you, Your Honor.

14                   As to Count 1, seditious conspiracy under

15   18 U.S.C. Section 2384, the government would need to prove

16   beyond a reasonable doubt that:

17                   First, the defendant and one or more persons

18   conspired or agreed with one another with the goal of by

19   force, preventing, hindering, or delaying the execution of

20   any law of the United States;

21                   Second, that the defendant and one or more members

22   of the conspiracy formed the conspiracy in the United States

23   or its territories or in any place subject to the

24   jurisdiction of the United States;

25                   And, third, that the defendant joined in that

1    agreement with awareness of its unlawful goals; that to be

2    by force, preventing, hindering, or delaying the execution

3    of any law of the United States.

4            As for Count 3, Your Honor, the government would

5    have to prove beyond a reasonable doubt --

6            THE COURT:  Well, Mr. Edwards, let's just pause

7    for a moment.

8            Mr. James, let me make sure you understand.

9    Did you listen to the elements that Mr. Edwards just

10   described for the seditious conspiracy count, sir?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  And do you understand those elements,

13   Mr. James?

14           THE DEFENDANT:  Yes, sir, I do.

15           THE COURT:  All right.

16           Mr. Edwards, could you please enumerate the

17   elements for the obstruction of an official proceeding

18   count?

19           MR. EDWARDS:  Yes, Your Honor.

20           Under Count 3, obstruction of an official

21   proceeding under 18 U.S.C. Section 1512(c)(2), the

22   government would have to prove beyond a reasonable doubt

23   both that the defendant obstructed, influenced, or impeded

24   any official proceeding and that the defendant did so

25   corruptly.

```
 1              THE COURT:  Okay.
 2              Mr. James, did you hear the elements of
 3   obstruction of an official proceeding that Mr. Edwards just
 4   listed?
 5              THE DEFENDANT:  Yes, sir, I did.
 6              THE COURT:  And do you understand those elements,
 7   sir?
 8              THE DEFENDANT:  Yes, sir, I do.
 9              THE COURT:  All right.
10              Mr. James, let's turn back to the Statement of
11   Offense document, and I want to make sure you have it in
12   front of you, this 15-page document.
13              Let me begin by just generally asking you whether
14   you agree that this Statement of Offense document fairly and
15   accurately describes conduct that you engaged in that is the
16   basis of your plea, sir?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  And that you agree that you committed
19   all of the acts that are described in this Statement of
20   Offense, Mr. James?
21              THE DEFENDANT:  Yes, sir.
22              THE COURT:  All right.
23              I'm just going to go over not every single
24   paragraph, Mr. James, but I do think it's important to go
25   over a few of them to confirm that you agree that this is
```

1    the conduct that you engaged in.

2            Let's start with paragraph 5, Mr. James, which

3    alleges that -- or which states, I should say, that on

4    November 14th and 15th of 2020, you met with Mr. Rhodes and

5    others in the Washington, D.C. metropolitan area, at

6    Mr. Caldwell's Virginia farmhouse and learned about the

7    start of their plans to oppose by force the lawful transfer

8    of Presidential power.  Do you agree with that statement,

9    sir?

10            THE DEFENDANT:  Yes, sir.

11            THE COURT:  Let's turn then to paragraph 19.

12    You agree that paragraph says that in advance of and on

13    January 6th, you and others agreed to take part in a plan

14    developed by Mr. Rhodes to use any means necessary, up to

15    and including the use of force, to stop the lawful transfer

16    of Presidential power.  Do you agree with that statement,

17    Mr. James, that you engaged in that conduct?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  Okay.

20            Paragraph 20 says, Mr. James, that in the weeks

21    leading up to January 6, Mr. Rhodes instructed you and

22    others to be prepared, if called upon, to report to the

23    White House grounds to secure the perimeter and use lethal

24    force if necessary against anyone who tried to remove

25    President Trump from the White House, including the National

1    Guard and other government actors who might be sent to

2    remove President Trump as a result of the Presidential

3    election.  So you agree with that statement that describes

4    your conduct, Mr. James?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  Let's turn to paragraph 32, Mr. James.

7                That paragraph states that at 3:15 p.m. on January

8    the 6th, you, Mr. Minuta, and Mr. Walden unlawfully entered

9    the Capitol through the East Rotunda doors; that you entered

10   the Capitol in part to hinder or delay the certification of

11   President-Elect Joseph R. Biden as President of the

12   United States.

13               You agree, Mr. James, that that was your intent

14   and purpose when you entered the Capitol Building at 3:15 on

15   January the 6th?

16               MS. ROBIN:  Your Honor, can we have just a moment?

17               (Pause)

18               MS. ROBIN:  Thank you, Your Honor.

19               I think the hesitation there is because there were

20   obviously multiple motives.  He acknowledges that that was

21   one of them.

22               But we have discussed the fact that the Statement

23   of Facts doesn't get into every single fact, only those

24   necessary to support the plea.  But that was the basis of

25   the hesitation.  He acknowledges that it was part but

1    certainly not the only motive for entry.

2              THE COURT:  Fair enough.

3              But let me just make sure Mr. James confirms that

4    at least one of your purposes in entering the Capitol was to

5    hinder or delay the certification of President-Elect

6    Joseph R. Biden as President of the United States?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Okay.

9              Paragraph 34 describes an encounter that you had

10   with an officer, Metropolitan police officer, whose initials

11   are J.M.  It indicates that you assaulted J.M. by grabbing

12   his vest and pulling him toward the mob.  You also, at that

13   time, while pulling J.M., yelled, "Get out of my Capitol,

14   get out, get out of my Capitol."  You then fell backwards

15   and then jumped in, pushed towards the officers repeatedly,

16   continued to yell, "This is my fucking building.  This is

17   not yours.  This is my Capitol."

18             Do you agree to that statement and that was your

19   conduct that day, sir?

20             THE DEFENDANT:  Yes, sir, it was.

21             THE COURT:  I'll ask you about paragraph 36.

22   It states that you intended to use force and did, in fact,

23   use force in the Capitol.  And when engaging in physical

24   altercations with law enforcement in order to prevent,

25   hinder, and delay the execution of the laws governing the

1    transfer of power.

2              Do you agree that that was your intent, to use

3    force, Mr. -- your intent in using force, Mr. James?

4              MS. ROBIN:  May we have a moment, Your Honor?

5              THE COURT:  Sure.

6              (Defense counsel conferred with defendant off the

7    record.)

8              MS. ROBIN:  Thank you, Your Honor.

9              For a point of clarification, Mr. James' concern,

10   validly so, is he does not want that to be construed is that

11   he premeditated to engage in physical force with the

12   officer.

13             We've explained to him that the words "intended

14   to" "did, in fact, use" -- the Court's indulgence --

15   "intended to use force, and did, in fact, use force in the

16   Capitol when engaging in physical altercations with law

17   enforcement" doesn't mean that he had to have pre-meditated

18   to engage in physical force with a law enforcement officer.

19   It merely means that when he was engaging in physical force

20   with a law enforcement officer, he intended to do so, as

21   opposed to by accident.

22             THE COURT:  Okay.

23             Ms. Robin, I appreciate the clarification, but let

24   me just confirm that, your intent in using force at the

25   Capitol, even if not premeditated when you were engaging in

```
1    physical altercations with law enforcement, that your intent
2    was to prevent, hinder, and delay the execution of the laws
3    governing the transfer of power?
4              MS. ROBIN:  Again, Your Honor, I would just say in
5    part, because that was not his only motive.  If you could
6    just qualify.
7              THE COURT:  Okay.
8              Let me ask you, Mr. James, that when you were
9    engaging in physical altercations with law enforcement, was
10   one of your motives to prevent, hinder, and delay the
11   execution of the laws governing the transfer of power?
12             THE DEFENDANT:  No.
13             If I maybe speak plainly, sir, at the time at the
14   insurrection --
15             THE COURT:  Hang on, Mr. James.
16             Mr. James, you need to talk to your counsel.
17   All this is on the record.  And if you want to -- if you're
18   not agreeing fully with the Statement of Facts, we need to
19   know that before I can accept your plea, okay?
20             MS. ROBIN:  Thank you, Your Honor.  The Court's
21   indulgence.
22             (Defense counsel conferred with defendant off the
23   record.)
24             MR. LEIBIG:  Judge, if I may, we have gone over
25   this, but the confusion about this point -- and, frankly,
```

38

1   I believe that I should have brought this up during the

2   negotiations, I don't think it's a problem -- but when the

3   use of the legal terms "prevent, hinder, and delay" do

4   read -- and as we're reading it right now with Mr. James and

5   hearing it -- as if all three things were in his head.

6   In fact, I believe that hindering and delaying is something

7   that, as a logical matter, is different than prevent that

8   would suggest a permanent prevention of it while he's in the

9   scuffle with the officer.  And when we went over some of the

10  other paragraphs, the term "hinder or delay" was used,

11  instead of having "prevent."  That is what is catching

12  Mr. James up.

13          And I understand why there were mixed motives;

14  delay and hinder was something that was obvious as part of

15  the whole event.  But I think we're getting hung up on the

16  idea that this sentence has to mean in his head was to

17  prevent as opposed to "prevent, hinder, or delay," which I

18  would suggest to the Court the law is, that it would be "or"

19  in that respect, if that's -- I think that's where we're

20  coming down to that statement is the problem.

21          THE COURT:  Okay.

22          Mr. Edwards, do you have any qualm with that

23  understanding of the Statement of Facts or the statement of

24  offense and the application of the law?

25          MR. EDWARDS:  No, Your Honor.

1          If I understand the specific concern being the

2    "and" instead of "and" being understood as "or," the

3    government has no objection to that.

4          THE COURT:  Okay.

5          So let me just ask, it's a modification,

6    Mr. James, see if you'll agree with this; that in

7    paragraph 36, it indicates that you intended to use force

8    and did, in fact, use force in the Capitol.  And that when

9    you engaged in the physical altercation with law

10   enforcement, it was done in order to prevent, hinder, or

11   delay the execution of the laws governing the transfer of

12   power?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Okay.

15         Just a couple more, Mr. James, and then we'll wrap

16   up here.

17         Paragraph 37, the first sentence indicates that in

18   taking such actions, and that describes really the conduct

19   that comes before, it indicates that you intended to

20   influence or affect the conduct of the United States

21   Government or retaliate against the United States

22   Government.  Do you agree with that statement, Mr. James?

23         THE DEFENDANT:  Can I get a minute?

24         THE COURT:  Sure.

25         (Defense counsel conferred with the defendant off

 1    the record.)

 2              MS. ROBIN:  Thank you.

 3              Again, this is an issue where the placement of the

 4    word "or" is important, because he certainly is conceding

 5    that he intends to influence -- he's not conceding that he

 6    intended to retaliate against the United States Government,

 7    but that's not required because of the use of the word "or."

 8    That's what he's getting tripped up on.  So we've explained

 9    that and he understands.

10              THE COURT:  All right.

11              So if I could just -- with the understanding that

12    "or" means in the alternative, do you agree that in taking

13    such actions, Mr. James, you intended to influence or affect

14    the conduct of the United States Government or to retaliate

15    against the United States Government?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  Just a couple more, Mr. James, and

18    then we'll wrap this up.

19              I want to turn to paragraph 46.  It indicates that

20    on January the 8th, you met with Mr. Rhodes and others at a

21    restaurant in Alabama.  And the question is -- it states

22    here that Mr. Rhodes expressed gratitude for your actions

23    and told Mr. James to alter his physical appearance to

24    conceal his identity.  Is that an accurate statement,

25    Mr. Rhodes [sic]?

1          THE DEFENDANT:  Yes, sir, it is.

2          THE COURT:  Finally, Mr. James, let me turn to

3   paragraph 51, which is the last paragraph.  It indicates you

4   departed Texas in February of 2021.

5          At Mr. Rhodes' instruction, you took with you

6   multiple firearms, thousands of rounds of ammunition,

7   multiple burner phones, scopes of magazines and night-vision

8   equipment and other tactical gear.

9          And Mr. Rhodes told you to be prepared to

10  transport and distribute the equipment to others upon his

11  instruction and to be prepared for violence in the event of

12  a Civil War.

13         Do you agree with that statement, sir?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  All right.

16         Okay.  So let's then turn to one last thing before

17  we turn to the Waiver of Rights, and that's with respect to

18  the conditions of release.

19         Mr. James, you're currently on release, and as

20  part of this agreement, Mr. -- the government has agreed not

21  to ask for a change in status.  Do you understand that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  But that the decision about what your

24  status is up to me and me alone.  If I change my mind about

25  your pretrial status, that's not a basis for you to withdraw

1    your plea.  Do you understand that?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  All right.

4            Other than the promises that we've just talked

5    about, the promises that are made in the plea agreement,

6    Mr. James, has anybody made any other promises to you to get

7    you to plead guilty, sir?

8            THE DEFENDANT:  No, sir.

9            THE COURT:  Okay.

10            Mr. James, we're heading into the home stretch.

11    The next thing we're going to do is go over the rights you

12    are giving up by entering this plea, okay.

13            You understand, first and foremost, that you are

14    not required to plead guilty, Mr. James, that you have a

15    right to go to trial on your charges if you wish?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  If you went to trial, Mr. James, you

18    would be presumed innocent at trial and the government would

19    bear the burden of proving your guilt beyond a reasonable

20    doubt and they would have to convince 12 jurors unanimously

21    to convict you.  Do you understand those rights?

22            THE DEFENDANT:  Yes, sir.

23            THE COURT:  However, by entering this plea,

24    Mr. James, you're giving up your right to be presumed

25    innocent, you're giving up your right to have the government

1    bear the burden of proving your guilt beyond a reasonable

2    doubt and have -- and relieving the government of its burden

3    to convince 12 jurors to unanimously convict you.  Do you

4    understand that?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  You also would have a right to a

7    lawyer with you throughout trial; that would be Ms. Robin

8    and Mr. Leibig; they would represent you at trial.  Among

9    other things, as they've already done, they would make

10   motions, they would object to the government's evidence, and

11   they could question the government's witnesses.  Do you

12   understand that, sir?

13             THE DEFENDANT:  Yes, sir, I do.

14             THE COURT:  However, by entering this agreement,

15   Mr. James, you're giving up your right to a trial, and,

16   therefore, you will not -- you're giving up your right to

17   have a lawyer represent you at trial.  Is that understood?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  You also would have the right,

20   Mr. James, and do have the right, to present a defense; that

21   is, to put on evidence on your own behalf if you wished;

22   however, you would not be required to put on any evidence at

23   all because you would be presumed innocent.  Do you

24   understand that right, sir?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  However, by entering this plea today,

2     Mr. James, you are giving up your right to present a defense

3     at trial.  Is that understood?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. James, at a trial, you would have

6     the right to testify.  That means you could get up on the

7     witness stand and explain to the ladies and gentlemen of the

8     jury why you should not be convicted.  Do you understand

9     that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Now, nobody can force you to testify,

12    Mr. James, and you could remain silent if you wished; and if

13    you decided to remain silent, I would instruct the jury that

14    that decision could not be held against you.  Do you

15    understand that, sir?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  By entering this plea, Mr. James,

18    however, you're giving up your right to testify at trial.

19    Is that understood?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And you're giving up your right to

22    remain silent at trial and have the jury instructed that

23    that decision could not be held against you?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  All right.

1        Following a trial, Mr. James, if you were found

2   guilty, you would have the right to an appeal.  There is a

3   higher court called the D.C. Circuit.  Its job would be to

4   review the entire trial proceedings before, during, and

5   after trial.  And their job would be to determine if I made

6   any mistakes and whether those mistakes entitle you to a new

7   trial.  Do you understand that, sir?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  And if you take such an appeal,

10  Mr. James, and could not afford a lawyer for such an appeal,

11  the D.C. Circuit would appoint a lawyer for you.  Is that

12  understood?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  However, by entering a plea today,

15  sir, you're giving up your right to appeal following a

16  trial, as well as the right to have a lawyer represent you

17  following a trial.  Is that understood?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  You also, as part of this plea, are

20  giving up your right to make certain arguments, Mr. James.

21  That includes arguing that the statute to which you are

22  pleading guilty to is unconstitutional and that the conduct

23  to which you are admitting does not fall within the scope of

24  the statute.  Do you understand that, sir?

25       THE DEFENDANT:  Yes, sir.

46

1          THE COURT:  And to be clear, Mr. James, at least

2   as to the count of obstruction, you have joined in a motion

3   that that count -- or arguing that count is both

4   unconstitutional and that your conduct doesn't fall within

5   the scope of that statute, and I denied that motion.  Do you

6   understand that be entering this plea, Mr. James, you will

7   not be permitted to appeal that decision?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.

10         You also would have the right to appeal your

11  sentence, Mr. James.  I make a number of decisions in

12  connection with sentencing; those include decisions about

13  the Guidelines; decisions about what evidence to consider;

14  and I can consider any objections and any motions that are

15  made in connection with sentencing.  If you disagreed with

16  any of those and if they came out the opposite way, you also

17  could -- I should add, you could also appeal your sentence

18  itself, Mr. James.

19         However, by entering this plea today, sir, you're

20  giving up your right to appeal following a sentence.  Do you

21  understand that, with a couple of exceptions?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  You are reserving the right to appeal

24  any sentence that's above the statutory maximum, as well as

25  any sentence that is above the Guidelines Range.  Do you

1  understand those two reservation of rights?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Mr. James, you are also reserving your

4  right on appeal to claim -- or raise that you have not

5  received effectiveness assistance from your lawyers either

6  in connection with your guilty plea or at sentencing.  Do

7  you understand that, sir?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.

10          Finally, Mr. James, you are giving up your right

11  to file what's called a collateral attack of your conviction

12  and sentence; that is, a motion you could file after

13  sentencing in which you argue that for some reason your

14  conviction and sentence should be overturned.  Do you

15  understand that, sir?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  You are, however, by entering this

18  plea, waiving your right to file a collateral attack, except

19  for two exceptions:  You're reserving your right to file

20  such an exception based on newly discovered evidence or if

21  you wish to argue that you have not received effective

22  assistance from your lawyers either in connection with your

23  plea or at sentencing.  Do you understand that, sir?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And, finally, Mr. James, do you

1  understand that if I accept your plea, you may be deprived

2  of valuable civil rights?  Two of the offenses to which you

3  are pleading are felonies.  You may be deprived of the right

4  to vote, the right to hold certain jobs, the right to serve

5  on a jury, and the right to possess a firearm.  Do you

6  understand that, sir?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  All right.

9              Understanding all the rights that you are giving

10  up, Mr. James, by entering into this plea, your trial

11  rights, your appeal rights, your post-conviction rights and

12  any civil liberties that might be impaired, do you still

13  wish to plead guilty?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  Do you have any questions about what

16  rights you are giving up or anything else in connection with

17  this guilty plea, Mr. James?

18              THE DEFENDANT:  I'm sorry.  Repeat the question,

19  please, sir.

20              THE COURT:  Sorry.

21              Do you have any questions about what rights you

22  are giving up or anything else in connection with this

23  guilty plea?

24              THE DEFENDANT:  No, sir.

25              THE COURT:  Are you pleading guilty, Mr. James,

1    because you are, in fact, guilty?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And has anybody forced you, threatened

4    you, or coerced you in any way to get you to plead guilty,

5    Mr. James?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  All right.

8              Then on Count 1 of the indictment, which charges

9    you with seditious conspiracy, how do you plead, Mr. James?

10             THE DEFENDANT:  Guilty.

11             THE COURT:  And on Count 3, which charges you with

12   obstruction of an official proceeding, how do you plead,

13   sir?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  All right.

16             Are there any questions I did not ask of Mr. James

17   that I should have, Mr. Edwards?

18             MR. EDWARDS:  None from the government,

19   Your Honor.

20             THE COURT:  Ms. Robin?

21             MS. ROBIN:  No, Your Honor.

22             THE COURT:  All right.

23             Based then upon my inquiries of Mr. James, I am

24   satisfied that he understands his rights, is waiving and

25   agreeing to plead guilty.

1          I find that he is entering his plea voluntarily,

2   I find that there's a factual basis for the plea, and I,

3   therefore, accept Mr. James' plea and find him guilty of one

4   count of seditious conspiracy, in violation of 18

5   United States Code 371, and one count of obstruction of an

6   official proceeding, in violation of 18 United States Code

7   1512(c)(2).

8          I take it you all want to delay sentencing and put

9   off a Presentence Report?

10         MR. EDWARDS:  That's correct, Your Honor.

11         THE COURT:  Okay.

12         MS. ROBIN:  Yes, Your Honor.

13         THE COURT:  Mr. James, let me just inform you that

14  prior to your sentencing, there will be a report prepared

15  for me, a report prepared by the Probation Office.  They

16  will interview you in connection with that report, ask you a

17  number of questions about your background and the like.  You

18  will have the right to have your lawyers with you at that

19  interview if you wish.  Do you understand that, sir?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  You also will have the right to review

22  that report before it is submitted to me.  Do you understand

23  that?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  You also will have the right,

```
1    Mr. James, through your counsel, to present any information
2    that you wish for me to consider at sentencing.  Is that
3    understood?
4               THE DEFENDANT:  Yes, sir.
5               THE COURT:  And, finally, Mr. James, do you
6    understand that you will have the right to address the
7    Court, that is, address me, at your sentencing hearing if
8    you wish?
9               THE DEFENDANT:  Yes, sir.
10              THE COURT:  All right.
11              MR. EDWARDS:  Your Honor, may I raise just a small
12   issue or two?
13              THE COURT:  Yes.
14              MR. EDWARDS:  The first issue is, I may have
15   misheard Your Honor, I believe you, when entering the formal
16   ruling from yourself, you had stated 371 as the statute,
17   instead of 18 U.S.C. 2384.  So I just wanted to clarify for
18   the record that it was to Count 1, 18 U.S.C. 2384.
19              THE COURT:  Did I misspeak?  I may have.  Sorry if
20   I did.
21              Yeah.  I'm sorry, this is an artifact from a
22   different plea.
23              So, yes, that's right.  Count 1, seditious
24   conspiracy, in violation of 18 U.S.C. 2384.  Thank you for
25   the correction.
```

```
 1              MR. EDWARDS:  And then two other smaller issues.

 2    One is, the government would request that the interview from

 3    Probation also be deferred along with sentencing while he

 4    cooperates with the government's investigation.

 5              THE COURT:  Yeah, that's not a problem.  I mean,

 6    Probation won't contact and set up for an interview until

 7    there's a sentencing date.

 8              MR. EDWARDS:  Okay.

 9              And then finally, Your Honor, would the Court

10    prefer a resubmitted Statement of Facts with that change to

11    paragraph 36 or is the Court intending to maybe hand notate?

12              THE COURT:  I certainly wasn't intending to hand

13    notate myself.

14              If both parties think it is necessary to annotate

15    the Statement of Facts consistent with what Mr. James has

16    said, I'm happy to have you do it; otherwise, all of it's on

17    the record.

18              MR. EDWARDS:  If the Court's comfortable, the

19    record is fine for the government.

20              THE COURT:  Let me ask Ms. Robin:  Are you

21    comfortable with leaving it as is on the record or do you

22    wish -- or are you prepared to waive your right, Mr. James'

23    right, to annotate the Statement of Facts?

24              MS. ROBIN:  We agree that it was made clear on the

25    record.  So we're fine with that, Your Honor.
```

```
1              THE COURT:  Okay.  All right.

2              Okay.  So why don't we do this:  I'll just ask the

3    parties to submit something to me 90 days out about where

4    things stand.  I assume things will continue to be ongoing,

5    but, nevertheless, let's just put something 90 days out for

6    a Joint Status Report.  Obviously if Mr. James' cooperation

7    is ongoing, we'll continue to defer the sentencing, but

8    let's just set a date.

9              So I think 90 days is June 2nd.  So if you all

10   would just submit something by then, we can take it from

11   there, okay?

12             MR. EDWARDS:  Yes, Your Honor.  Thank you.

13             THE COURT:  Mr. James will remain on the same

14   conditions of release pending sentencing.

15             And is there anything else we need to take up?

16             MS. ROBIN:  Not on behalf of the defense,

17   Your Honor.

18             MR. EDWARDS:  Nothing from the government,

19   Your Honor.

20             THE COURT:  Thank you, everybody.  Take care.

21             Thank you, everybody.  Bye.

22             (Proceedings concluded at 6:36 p.m.)

23

24

25
```

C E R T I F I C A T E

            I, William P. Zaremba, RMR, CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-titled matter.

            Please note:  This hearing occurred during
the COVID-19 pandemic and is therefore subject to the
technological limitations of court reporting remotely.


Date:  September 30, 2022__        

                                   William P. Zaremba, RMR, CRR

COURTROOM
DEPUTY: [3] 3/2 8/17
8/19
MR. EDWARDS: [18]
4/2 4/16 4/21 4/24 6/18
9/23 30/13 31/19 38/25
49/18 50/10 51/11
51/14 52/1 52/8 52/18
53/12 53/18
MR. LEIBIG: [2] 3/17
37/24
MS. ROBIN: [20] 3/18
5/5 5/8 5/18 6/20 7/10
9/22 14/19 15/11 34/16
34/18 36/4 36/8 37/4
37/20 40/2 49/21 50/12
52/24 53/16
THE COURT: [185]
THE DEFENDANT:
[149]

**$**
$1.5 [1] 28/1
$1.5 million [1] 28/1
$100 [2] 17/4 18/1
$2,000 [7] 28/6 28/11
28/19 28/24 28/25 29/1
29/2
$200 [1] 18/2
$250,000 [2] 16/15
17/12
$300,000 [1] 22/8

**1**
1.1 [1] 24/16
108 [1] 22/5
11 [1] 15/12
1111 [1] 2/4
114 [1] 2/3
11th [2] 9/5 9/6
12 [2] 42/20 43/3
14 [3] 11/19 19/23
20/12
14-page [2] 11/11
11/14
14th [1] 33/4
15 [2] 1/4 29/18
15-page [2] 29/10
32/12
1512 [3] 10/20 31/21
50/7
15th [1] 33/4
17th [1] 9/3
18 [1] 50/4
18 U.S.C [5] 30/15
31/21 51/17 51/18
51/24
18 United States [3]
10/17 10/19 50/6
19 [2] 33/11 54/6
1987 [1] 9/3
1B1.8 [1] 15/16

**2**
20 [2] 17/10 33/20
20 years [1] 16/13
20001 [1] 2/14

2015 [1] 2/8
202-353-3909 [1] 1/20
2020 [1] 33/4
2021 [1] 41/4
2022 [2] 1/5 54/10
20530 [2] 1/15 1/19
22-15 [1] 1/4
22-15-5 [1] 3/3
22314 [2] 2/3 2/8
2384 [5] 10/18 30/15
51/17 51/18 51/24
252-7277 [1] 1/16
29 [4] 21/5 21/22 22/3
22/25
2nd [1] 53/9

**3**
30 [1] 54/10
30,000 [1] 22/7
32 [4] 20/6 20/18 21/1
34/6
320-8850 [1] 2/8
3249 [1] 2/15
333 [1] 2/14
34 [1] 35/9
349-1111 [1] 2/4
354-3249 [1] 2/15
3553 [1] 25/8
36 [3] 35/21 39/7 52/11
37 [1] 39/17
371 [2] 50/5 51/16
3909 [1] 1/20
3:15 [2] 34/7 34/14

**4**
421 [1] 2/7
46 [1] 40/19

**5**
505 [1] 2/7
51 [1] 41/3
555 [1] 1/15
5:30 [1] 1/6
5K [1] 24/16
5K1.1 [5] 23/24 23/24
24/6 24/20 24/24

**6**
6:36 [1] 53/22
6th [4] 28/2 33/13 34/8
34/15

**7**
703 [1] 2/4
7277 [1] 1/16

**8**
87 [1] 22/5
8850 [1] 2/8
8th [1] 40/20

**9**
90 [3] 53/3 53/5 53/9
950 [1] 1/19

**A**
about [29] 3/21 10/7
12/1 13/4 13/21 16/10
19/13 21/17 22/20

26/13 26/1 28/21 30/1
33/6 35/21 37/25 41/23
41/24 42/5 46/12 46/13
48/15 48/21 50/17 53/3
above [6] 26/7 26/8
27/10 46/24 46/25 54/4
above-titled [1] 54/4
accept [4] 7/24 37/19
48/1 50/3
acceptance [1] 21/4
accident [2] 3/13 36/21
accounting [1] 16/2
accurate [1] 40/24
accurately [2] 13/5
32/15
acknowledge [1] 28/18
acknowledged [1]
27/25
acknowledges [2]
34/20 34/25
Act [1] 6/12
actions [4] 13/6 39/18
40/13 40/22
actors [1] 34/1
acts [1] 32/19
actually [4] 4/11 7/12
23/13
add [1] 46/17
added [2] 19/24 19/25
addition [2] 21/12 25/6
additional [10] 19/24
19/25 20/1 20/3 20/5
20/12 20/13 20/14
20/15 20/16
Additionally [1] 6/11
address [1] 51/6 51/7
adjusted [4] 20/6 20/18
20/22 20/24
admitting [1] 45/23
advance [1] 33/12
affect [2] 39/20 40/13
affirm [1] 11/9
afford [1] 45/10
after [4] 9/7 30/10 45/5
47/12
afternoon [2] 3/2 3/10
again [4] 7/14 28/10
37/4 40/3
against [11] 10/16
13/10 13/18 15/8 15/14
33/24 39/21 40/6 40/15
44/14 44/23
agents [1] 14/7
aggravating [2] 20/5
20/17
agree [16] 3/25 32/14
32/18 32/25 33/8 33/12
33/16 34/3 34/13 35/18
36/2 39/6 39/22 40/12
41/13 52/24
agreed [22] 12/17 13/9
13/13 14/4 14/5 14/10
14/13 14/16 15/10
15/18 15/25 16/1 19/15
22/23 23/6 23/12 28/5
28/11 28/24 30/18
33/13 41/20

agreeing [8] 12/12
12/22 13/2 13/4 13/18
15/6 37/18 49/25
agreement [31] 1/9
3/25 6/8 6/9 11/7 11/10
11/16 12/10 12/14
13/21 13/23 14/3 14/20
14/24 15/12 22/19
22/23 23/23 24/5 27/22
28/1 28/6 28/19 29/7
29/16 29/18 29/22 31/1
41/20 42/5 43/14
agreements [2] 4/15
22/20
aided [1] 2/16
Alabama [1] 40/21
Alexandria [2] 2/3 2/8
Alfred [1] 2/3
all [59]
all right [30] 8/12 8/20
9/6 10/13 11/5 11/22
12/5 17/7 18/13 19/12
20/9 22/1 23/21 24/2
25/3 27/1 27/5 28/21
29/21 31/15 32/9 32/22
40/10 42/3 44/25 46/9
47/9 49/7 49/15 49/22
All this [1] 37/17
alleges [1] 13/23
allows [1] 14/20
alone [4] 21/18 26/23
27/8 41/24
along [1] 52/3
already [1] 43/9
also [26] 6/6 13/2
13/13 15/10 15/18 16/1
16/20 16/23 17/3 17/18
17/21 19/16 21/12
22/20 23/6 35/12 43/6
43/19 45/19 46/10
46/16 46/17 47/3 50/21
50/25 52/3
alter [1] 40/23
altercation [1] 39/9
altercations [4] 35/24
36/16 37/1 37/9
alternative [1] 40/12
am [1] 49/23
AMERICA [2] 1/3 3/3
AMIT [1] 1/10
ammunition [1] 41/6
among [4] 14/9 25/8
25/19 43/8
amount [3] 27/23 28/6
29/1
analogous [2] 19/15
19/18
annotate [2] 54/14
52/23
another [3] 27/21 29/6
30/18
answer [1] 8/9
answered [1] 12/2
any [46] 8/4 9/8 9/7
9/11 9/15 9/19 10/23
11/3 12/1 13/9 13/18
13/18 13/24 14/7 14/17
15/6 15/20 16/25 17/22

2015 [1] 24/5 25/10 25/15
25/17 25/18 29/25
30/20 30/23 31/3 31/24
33/14 38/22 42/6 43/22
45/6 46/14 46/14 46/16
46/24 46/25 48/12
48/15 48/21 49/4 49/16
51/1
anybody [3] 27/2 42/6
49/3
anyone [1] 33/24
anything [8] 4/13 4/17
6/15 7/4 9/12 48/16
48/22 53/15
apologize [1] 15/11
appeal [11] 45/2 45/9
45/10 45/15 46/7 46/10
46/17 46/20 46/23 47/4
48/11
appear [7] 3/21 5/4 5/9
5/9 5/22 6/1 6/2
appearance [1] 40/23
APPEARANCES [2]
1/13 1/21
appearing [1] 3/8
appears [1] 11/19
applicable [1] 22/15
application [1] 38/24
appoint [1] 45/11
appreciate [1] 3/14
36/23
are [58]
area [1] 33/5
aren't [1] 26/18
argue [3] 23/3 47/13
47/21
argued [1] 22/22
arguing [2] 45/21 46/3
argument [1] 24/14
arguments [1] 45/20
artifact [1] 51/21
as [51] 4/11 4/18 5/13
5/13 5/15 6/7 6/8 6/9
8/3 8/3 8/9 9/25 10/1
12/23 12/23 14/3 15/7
15/20 15/20 15/24 20/4
20/4 21/14 22/19 26/6
26/6 27/11 28/1 28/5
30/14 31/4 34/2 34/11
35/6 36/20 38/4 38/5
38/7 38/14 38/17 39/2
41/19 43/9 45/16 45/16
45/19 46/2 46/24 46/24
51/16 52/21
aside [1] 4/22
ask [26] 4/9 7/20 7/25
8/5 8/15 11/6 11/8 11/9
22/23 23/7 23/14 23/18
26/8 28/9 29/8 29/9
30/7 30/10 35/21 37/8
39/5 41/21 49/16 50/16
52/20 53/2
asked [1] 8/5
asking [2] 8/13 32/13
aspect [1] 27/21
assaulted [1] 35/11
Assessment [2] 17/4
18/1

**A**

assets [2] 15/20 16/2
assistance [3] 15/25 47/5 47/22
assists [1] 27/23
associated [5] 16/9 18/6 20/3 29/7 29/16
assume [1] 53/4
attack [2] 47/11 47/18
attention [1] 30/9
ATTORNEY'S [3] 1/14 13/22 14/6
authority [2] 6/13 25/23
authorization [1] 6/11
Avenue [2] 1/19 2/14
aware [2] 4/13 13/22
awareness [1] 31/1

**B**

back [1] 32/10
background [1] 50/17
backwards [1] 35/14
bad [1] 3/12
Barrett [1] 2/13
base [2] 19/23 20/11
based [6] 9/25 18/15 22/2 23/23 47/20 49/23
basis [10] 19/9 21/23 22/16 24/25 27/17 29/2 32/16 34/24 41/25 50/2
be [64]
bear [2] 42/19 43/1
because [13] 3/15 4/14 20/21 20/23 27/6 27/7 30/10 34/19 37/5 40/4 40/7 43/23 49/1
been [5] 3/12 8/21 19/25 26/17 26/18
before [14] 1/10 3/19 6/16 8/9 8/13 8/13 13/21 14/10 30/5 37/19 39/19 41/16 45/4 50/22
begin [5] 7/14 8/13 8/13 19/23 32/13
behalf [3] 3/7 43/21 53/16
behind [1] 3/14
being [3] 7/4 39/1 39/2
believe [5] 4/17 19/8 38/1 38/6 51/15
below [2] 26/3 27/11
better [1] 7/12
beyond [5] 30/16 31/5 31/22 42/19 43/1
Biden [2] 34/11 35/6
binding [1] 26/19
birth [1] 9/1
born [1] 10/3
both [7] 4/9 4/10 23/2 23/6 31/23 46/3 52/14
bound [1] 12/13
bring [4] 13/9 13/18 25/15 29/8
brought [1] 38/1
building [2] 34/14 35/16
burden [1] 42/19 43/1

burner [1] 41/7
Bye [1] 53/21

**C**

calculated [1] 22/21
Caldwell's [1] 33/6
called [6] 13/3 23/24 29/7 32/22 45/3 47/11
came [1] 46/16
can [19] 5/17 7/8 8/13 9/15 14/17 15/7 22/21 23/3 23/7 23/9 23/13 23/14 27/6 34/16 37/19 39/23 44/11 46/14 53/10
can't [1] 24/14
capable [1] 10/2
Capitol [12] 28/2 34/9 34/10 34/14 35/4 35/13 35/14 35/17 35/23 36/16 36/25 39/8
car [2] 3/12 3/13
care [1] 53/20
CARES [1] 6/12
cars [1] 3/14
case [13] 3/3 4/8 20/23 20/25 22/5 23/7 23/13 26/3 26/7 26/13 27/3 27/23 27/24
catching [1] 38/11
Category [3] 18/22 19/9 22/3
Category I [2] 18/22 22/3
caught [1] 4/15
causing [2] 19/24 20/12
certain [2] 45/20 48/4
certainly [3] 35/1 40/4 52/12
certification [2] 34/10 35/5
certifications [1] 9/8
Certified [1] 2/12
certify [1] 54/2
CH [1] 2/13
change [3] 41/21 41/24 52/10
charge [2] 4/23 16/11
charged [1] 20/21
charges [5] 13/10 13/18 42/15 49/8 49/11
Chief [1] 6/13
chris [1] 2/9
chrisleibiglaw.com [1] 2/9
Christine [2] 2/10 3/7
Christopher [3] 2/5 2/6 3/6
Circuit [2] 45/3 45/11
circumstances [1] 18/17
civil [3] 41/12 48/2 48/12
Civil War [1] 41/12
claim [1] 47/4
clarification [4] 15/1

clarify [1] 51/17
clear [5] 4/4 15/12 15/13 46/1 52/24
clearly [1] 5/17
Code [5] 10/17 10/20 25/8 50/5 50/6
coerced [1] 49/4
collateral [1] 47/11 47/18
COLUMBIA [3] 1/1 13/20 14/6
combined [1] 20/25
comes [2] 5/15 39/19
comfortable [2] 52/18 52/21
coming [1] 38/20
committed [2] 13/20 32/18
communication [1] 7/5
competence [1] 9/20
competent [1] 10/2
complete [1] 16/2
components [1] 12/10
computer [1] 2/16
computer-aided [1] 2/16
conceal [1] 40/24
conceding [2] 40/4 40/5
concern [2] 36/9 39/1
concluded [2] 19/19 53/22
conditions [2] 41/18 53/14
conduct [13] 13/10 19/17 25/17 32/15 33/1 33/17 34/4 35/19 39/18 39/20 40/14 45/22 46/4
conferred [1] 36/6 37/22 39/25
confirm [2] 32/25 36/24
confirms [1] 35/3
confusion [1] 37/25
connection [8] 25/17 46/12 46/15 47/6 47/22 48/16 48/22 50/16
connection's [1] 5/13
consider [2] 19/17 20/22 25/7 25/9 46/13 46/14 51/2
consistent [1] 52/15
conspiracy [12] 10/17 12/23 16/12 19/14 19/23 30/14 30/22 30/22 31/10 49/9 50/4 51/24
conspired [1] 30/18
Constitution [2] 2/14
construed [1] 36/10
consult [1] 8/8
contact [1] 52/6
contained [1] 12/7
contains [1] 30/1
continue [3] 6/11 53/4 53/7
continued [2] 2/1

contraband [1] 15/19
convict [2] 42/21 43/3
convicted [1] 44/8
conviction [3] 47/11 47/14 48/11
convince [2] 42/20 43/3
cooperate [4] 14/4 14/5 23/24 24/4
cooperated [3] 24/9 24/13 24/15
cooperates [1] 52/4
cooperation [3] 14/9 25/18 53/6
copy [2] 11/7 11/15
correct [9] 3/16 3/18 6/24 7/17 10/20 11/17 28/19 50/10 54/3
correction [1] 51/25
corruptly [1] 31/25
could [16] 8/23 26/3 27/9 28/15 31/16 37/5 40/11 43/11 44/6 44/12 44/14 44/23 45/10 46/17 46/17 47/12
counsel [16] 3/21 7/7 8/9 9/19 10/1 14/17 14/18 14/22 15/4 18/11 18/18 36/6 37/16 37/22 39/25 51/1
count [23] 10/16 10/18 12/22 12/23 12/24 17/8 18/1 19/14 20/10 31/4 31/10 31/18 31/20 46/2 46/3 46/3 49/8 49/11 50/4 50/5 51/18 51/23
Count 1 [6] 10/16 12/23 30/14 49/8 51/18 51/23
Count 3 [4] 10/18 31/4 31/20 49/11
counts [3] 4/1 10/15 13/15
couple [5] 3/20 7/9 39/15 40/17 46/21
court [11] 1/1 2/11 2/13 9/13 17/4 38/18 45/3 51/7 52/9 52/11 54/7
Court's [3] 36/14 37/20 52/18
courthouse [1] 5/22
Courtroom [1] 11/6
COVID [1] 54/6
COVID-19 [1] 54/6
CR [1] 1/4
crashes [1] 3/13
crimes [4] 13/24 15/19 15/20 15/21
criminal [14] 3/3 13/19 18/15 18/20 18/21 18/22 19/9 19/7 19/9 21/8 21/13 22/2 23/3 25/17
CRR [2] 54/2 54/11
currently [1] 41/19

**D**

D.C [6] 1/5 1/15 1/19 2/14 13/19 33/5
D.C. [2] 45/3 45/11
D.C. Circuit [2] 45/3 45/11
damage [3] 19/25 20/13 28/2
date [4] 9/1 52/7 53/8 54/10
day [2] 3/12 35/19
days [4] 9/12 53/3 53/5 53/9
decide [1] 28/25
decided [1] 44/13
decides [1] 24/13
decision [15] 21/17 21/18 21/18 21/22 24/20 26/22 26/23 26/23 27/7 28/23 28/24 41/23 44/14 44/23 46/7
decisions [2] 46/11 46/12 46/13
defendant [2] 4/23 8/18 30/17 30/21 30/25 31/23 31/24 36/6 37/22 39/25
defendant's [1] 3/8
Defendants [1] 1/7
defense [10] 3/6 3/21 6/20 14/21 36/6 37/22 39/25 43/20 44/2 52/16
defer [1] 53/7
deferred [1] 52/3
degree [1] 25/18
degrees [1] 9/7
delay [12] 7/3 34/10 35/5 35/25 37/2 37/10 38/3 38/10 38/14 38/17 39/11 50/8
delaying [3] 30/19 31/2 38/6
denied [1] 46/5
departed [1] 41/4
DEPARTMENT [2] 1/18 14/5
departure [4] 23/14 23/18 23/24 24/16
departures [5] 4/10 4/12 23/7 23/22 25/5
depending [2] 23/9 25/24
deprived [2] 48/1 48/3
Deputy [1] 11/6
described [3] 13/10 31/10 32/19
describes [5] 13/6 32/15 34/3 35/9 39/18
designed [1] 8/1
desire [1] 5/8
destruction [1] 20/4
detect [1] 10/23
determine [3] 15/15 22/14 45/5
developed [1] 33/14
deviate [1] 4/18

57

**D**

deviation [1] 4/7
dial [1] 7/7
did [12] 9/4 31/9 31/24 32/2 32/5 35/22 36/14 36/15 39/8 49/16 51/19 51/20
Did you [1] 31/9
didn't [2] 3/24 10/23
difference [1] 4/15
different [5] 22/24 22/24 23/3 38/7 51/22
difficult [3] 9/13 9/16 11/4
disagreed [1] 46/15
discovered [1] 47/20
discuss [2] 6/16 18/10
discussed [2] 5/3 34/22
dismiss [2] 3/25 13/14
distribute [1] 41/10
DISTRICT [5] 1/1 1/1 1/10 13/20 14/6
do [110]
do you [41] 12/24 13/6 13/8 16/2 16/21 17/19 18/22 18/25 19/3 19/19 20/18 21/1 21/9 21/15 22/11 22/25 25/19 26/3 26/9 28/2 28/10 33/8 33/16 35/18 36/2 39/22 40/12 41/13 41/21 42/1 43/3 43/23 45/24 47/25 48/12 49/9 49/12 50/19 50/22 51/5 52/21
do you have [3] 38/22 48/15 48/21
do you understand [8] 5/23 12/21 14/11 16/11 22/4 24/23 26/16 31/12
document [19] 11/11 11/14 11/19 11/23 12/2 12/8 13/3 13/5 29/6 29/9 29/10 29/10 29/15 29/15 30/1 30/5 32/11 32/12 32/14
documents [1] 20/4
does [7] 3/13 9/19 12/13 24/24 27/12 36/10 45/23
doesn't [3] 34/23 36/17 46/4
don't [10] 4/17 7/4 7/6 7/9 8/4 12/11 24/4 24/25 38/2 53/2
done [4] 28/2 30/10 39/10 43/9
doors [1] 34/9
doubt [5] 30/16 31/5 31/22 42/20 43/2
Douyon [2] 8/16 29/8
down [2] 23/9 38/20
downward [1] 23/18
drugs [1] 9/11
during [3] 38/1 45/4 54/5

**E**

each [5] 16/9 20/23 20/24 30/8 30/11
early [1] 3/10
earned [1] 9/7
East [1] 34/9
educational [1] 25/10
Edwards [11] 1/14 3/5 3/23 30/7 30/9 31/6 31/9 31/16 32/3 38/22 49/17
effective [1] 47/21
effectiveness [1] 47/5
eight [2] 19/24 20/12
either [6] 6/15 9/7 9/19 23/9 47/5 47/22
Elect [2] 34/11 35/5
election [1] 34/3
elements [7] 30/7 30/11 31/9 31/12 31/17 32/2 32/6
else [6] 4/13 6/15 9/12 48/16 48/22 53/15
Email [4] 1/16 1/20 2/4 2/9
encounter [1] 35/9
end [1] 19/8
enforcement [8] 14/14 35/24 36/17 36/18 36/20 37/1 37/9 39/10
engage [2] 36/11 36/18
engaged [4] 32/15 33/1 33/17 39/9
engaging [5] 35/23 36/16 36/19 36/25 37/9
enough [2] 10/6 35/2
enter [7] 3/16 5/23 6/24 7/16 9/20 10/7 10/24
entered [4] 11/16 34/8 34/9 34/14
entering [16] 8/2 10/2 11/10 35/4 42/12 42/23 43/14 44/1 44/17 45/14 46/6 46/19 47/17 48/10 50/1 51/15
entire [1] 45/4
entirely [1] 24/8
entitle [1] 45/6
entry [1] 35/1
enumerate [1] 31/16
equipment [2] 41/8 41/10
essentially [3] 12/17 18/15 27/23
estimate [3] 19/1 21/8 21/9
estimated [4] 18/19 18/21 22/4 22/7
estimates [1] 22/11
even [4] 4/7 24/18 28/24 36/25
evening [1] 3/10
event [2] 38/15 41/11
every [5] 12/6 12/7 12/13 32/23 34/23
everybody [1] 3/11 53/20 53/21
everyone [2] 3/11 3/13

**E**

evident [1] 9/13
evidence [47] 15/10
20/4 43/10 43/21 43/22 46/13 47/20
exactly [1] 20/11
exceed [1] 27/12
except [1] 47/18
exception [1] 47/20
exceptions [3] 15/15 46/21 47/19
exchange [2] 12/19 13/8
excuse [2] 4/10 22/2
executed [1] 13/21
execution [7] 13/23 30/19 31/2 35/25 37/2 37/11 39/11
exercise [1] 14/21
exhaustive [1] 16/1
explain [1] 44/7
explained [2] 36/13 40/8
explicit [1] 3/24
expressed [1] 40/22
extended [1] 6/13
extensive [2] 20/2 20/15

**F**

fact [10] 12/11 24/15 34/22 34/23 35/22 36/14 36/15 38/6 39/8 49/1
factors [8] 18/15 23/10 25/7 25/8 25/10 25/15 25/19 25/24
facts [7] 18/17 34/23 37/18 38/23 52/10 52/15 52/23
factual [1] 50/2
Fair [1] 35/2
fairly [2] 13/5 32/14
fall [2] 45/23 46/4
false [1] 8/23
falsely [1] 8/22
familiar [1] 23/25
family [1] 25/9
far [1] 9/4
farmhouse [1] 33/6
February [1] 41/4
federal [2] 13/19 14/7
feel [1] 8/5
fell [1] 35/14
felonies [1] 48/3
few [1] 32/25
file [4] 47/11 47/12 47/18 47/19
finalized [1] 6/10
finally [9] 13/17 15/24 17/25 27/15 41/2 47/10 47/25 51/5 52/9
financial [1] 16/2
find [6] 6/4 6/6 10/1 50/1 50/2 50/3
fine [8] 16/15 16/25 17/12 17/13 17/22 22/7 52/19 52/25
firearm [1] 48/5
firearms [1] 41/6

**F**

further [4] 15/16 16/8 30/17 39/17 42/13 51/14
follow [2] 9/13 9/16
following [5] 7/6 45/1 45/15 45/17 46/20
force [18] 30/19 31/2 33/7 33/15 33/24 35/22 35/23 36/3 36/3 36/11 36/15 36/15 36/18 36/19 36/24 39/7 39/8 44/11
forced [1] 49/3
foregoing [1] 54/3
foremost [1] 42/13
formal [1] 51/15
formed [1] 30/22
forward [1] 12/20
found [1] 45/1
Fourth [1] 1/15
frankly [1] 37/25
free [1] 8/5
front [1] 32/12
fucking [1] 35/16
full [1] 16/1
fully [8] 10/2 14/4 14/5 24/4 24/9 24/13 24/15 37/18
further [1] 30/5

**G**

gear [1] 41/8
GED [2] 9/8 9/9
general [2] 4/6 8/3
generally [1] 32/13
gentlemen [1] 44/7
get [10] 7/2 7/6 34/23 35/13 35/14 35/14 39/23 42/6 44/6 49/4
getting [3] 24/15 38/15 40/8
Give [1] 28/8
giving [18] 5/25 6/2 8/2 42/12 42/24 42/25 43/15 43/16 44/2 44/18 44/21 45/15 45/20 46/20 47/10 48/9 48/16 48/22
go [14] 9/4 12/6 12/9 12/11 12/16 16/7 16/8 18/8 18/18 26/8 32/23 32/24 42/11 42/15
goal [1] 30/18
goals [1] 31/1
going [17] 7/20 8/15 10/14 11/6 11/8 12/6 12/9 12/16 16/6 16/8 18/8 18/18 29/8 30/6 30/10 32/23 42/11
gone [1] 37/24
good [3] 3/2 3/10 27/6
governing [4] 35/25 37/3 37/11 39/11
government [45] 1/14 3/5 3/20 3/25 5/1 6/18 9/23 12/18 13/9 13/13 13/17 14/14 14/23 18/19 22/21 23/3 23/13

**G**

governing[24/8 24/12 24/18 24/24 25/14 26/6 26/13 27/25 30/6 30/15 31/4 31/22 34/1 39/3 39/21 39/22 40/6 40/14 40/15 41/20 42/18 42/25 43/2 49/18 52/2 52/19 53/18 government's [5] 4/2 4/16 43/10 43/11 52/4
grabbing [1] 35/11
grand [1] 14/10
grant [2] 24/20 24/25
gratitude [1] 40/22
great [2] 7/3 28/16
greater [3] 21/22 29/1 29/1
grounds [1] 33/23
Guard [1] 34/1
Guideline [3] 19/16 19/16 24/6
Guidelines [33] 4/19 15/15 16/10 18/9 18/11 18/14 18/19 19/22 20/11 20/20 22/4 22/10 22/15 22/21 23/8 23/9 23/14 23/19 25/5 25/6 25/22 25/23 26/3 26/7 26/9 26/17 26/22 26/22 27/10 27/10 27/11 46/13 46/25
Guidelines Range [5] 22/15 23/9 23/19 25/23 46/25
guilt [2] 42/19 43/1
guilty [20] 6/24 7/16 10/15 10/25 12/22 42/7 42/14 45/2 45/22 47/6 48/13 48/17 48/23 48/25 49/1 49/4 49/10 49/14 49/25 50/3

**H**

had [11] 5/1 10/6 11/23 12/2 15/2 18/10 29/22 29/23 35/9 36/17 51/16 52/11 52/12
Hang [1] 37/15
happen [2] 19/2 21/12
happy [2] 27/16 52/16
has [5] 3/12 6/13 13/9 13/13 14/23 25/14 26/6 26/13 27/2 38/16 39/3 41/20 42/6 49/3 52/15
have [86]
having [1] 38/13
he [21] 5/6 5/8 10/1 15/14 28/18 28/18 30/10 34/20 34/25 36/10 36/11 36/17 36/19 36/20 40/4 40/5 40/5 40/9 49/24 50/1 52/3
he's [3] 38/8 40/5 40/8
head [2] 38/5 38/16
heading [1] 42/10
hear [2] 5/17 32/2
heard [1] 28/17

**H**

hearing [10]  1/9 3/9
5/4 5/21 6/1 6/6 6/7
38/5 51/7 54/5
hearings [2]  6/12 6/14
held [2]  44/14 44/23
help [1]  7/13
here [5]  3/15 7/5 14/19
39/16 40/22
hesitation [3]  10/23
34/19 34/25
higher [1]  19/8 22/15
45/3
him [1]  5/17 15/14
35/12 36/13 50/3
hinder [10]  34/10 35/5
35/25 37/2 37/10 38/3
38/10 38/14 38/17
39/10
hindering [3]  30/19
31/2 38/6
his [14]  3/21 5/8 6/5
7/7 10/1 35/12 37/5
38/5 38/16 40/23 40/24
41/10 49/24 50/1
history [15]  18/16
18/20 18/21 18/22 19/3
19/7 19/9 21/8 21/13
22/3 23/3 25/9 25/10
25/10 25/18
hold [1]  48/4
home [1]  42/10
honor [39]  3/2 3/18 4/2
4/17 5/5 6/3 6/19 7/10
9/22 14/19 14/24 18/12
28/4 28/8 28/13 29/12
29/20 30/13 31/4 31/19
34/16 34/18 36/4 36/8
37/4 37/20 38/25 39/13
49/19 49/21 50/10
50/12 51/11 51/15 52/9
52/25 53/12 53/17
53/19
HONORABLE [1]  1/10
host [1]  25/7
House [2]  33/23 33/25
how [5]  9/4 22/21
28/23 49/9 49/12
however [12]  12/11
13/23 15/6 23/2 42/23
43/14 43/22 44/1 44/18
45/14 46/19 47/17
hung [1]  38/15

**I**

I also [1]  6/6
I am [1]  49/23
I apologize [1]  15/11
I assume [1]  53/4
I believe [3]  38/1 38/6
51/15
I can [3]  8/13 37/19
46/14
I did [1]  49/16
I didn't [1]  10/23
I didn't see [1]  3/24
I don't [2]  4/17 38/2
I find [1]  50/2

I have [2]  11/25 25/23
I just [2]  4/4 51/17
I mean [1]  52/5
I must [1]  25/7
I need [1]  7/25
I should [5]  28/25 33/3
38/1 46/17 49/17
I think [8]  4/14 7/2 7/3
7/13 28/12 34/19 38/15
38/19
I understand [7]  3/15
6/23 7/15 7/15 10/14
11/4 38/13
I want [5]  5/20 7/15
10/23 32/11 40/19
I will [1]  11/9
I'll [5]  3/20 12/19 30/7
35/21 53/2
I'm [23]  4/19 4/22 7/20
8/1 8/15 11/6 11/8 12/6
12/9 12/10 12/16 16/6
16/8 18/8 18/17 25/7
29/8 30/6 30/10 32/23
48/18 51/21 52/16
I'm going [9]  7/20 8/15
11/6 11/8 12/9 12/16
16/6 29/8 30/10
I'm just [1]  12/23
I'm not [1]  12/6
I'm sorry [1]  51/21
I'm sure [1]  4/19
I've [1]  8/5
idea [1]  38/16
identity [1]  40/24
impaired [1]  48/12
impeded [1]  31/23
important [2]  32/24
40/4
impose [1]  27/16
incarceration [1]  42/15
include [2]  25/16 46/12
includes [3]  14/9 23/2
45/21
including [3]  4/12
33/15 33/25
increase [1]  7/21
indicated [1]  14/23
indicates [6]  35/11
39/7 39/17 39/19 40/19
41/3
indictment [7]  4/1
10/16 10/16 10/18
12/23 13/15 49/8
indulgence [2]  36/14
37/21
influence [3]  39/20
40/5 40/13
influenced [1]  31/23
inform [1]  50/13
information [4]  15/13
15/14 28/22 51/1
informed [1]  10/2
initials [1]  35/10
injury [2]  19/25 20/13
innocent [3]  42/18
42/25 43/23
inquire [1]  5/19

49/23
inquiry [1]  6/16
instead [5]  5/10 10/14
38/11 39/2 51/17
instruct [1]  44/13
instructed [2]  33/21
44/22
instruction [2]  41/5
41/11
insurrection [1]  37/14
intended [8]  35/22
36/13 36/15 36/20 39/7
39/19 40/6 40/13
intending [2]  52/11
52/12
intends [1]  40/5
intent [5]  34/13 36/2
36/3 36/24 37/1
interest [4]  6/9 16/24
16/25 17/22
interests [2]  6/6 6/8
interference [2]  20/1
20/14
Internet [1]  5/13
interpose [1]  14/19
intervening [1]  15/11
interview [4]  50/16
50/19 52/2 52/6
interviews [4]  14/13
14/17 15/4 15/13
investigation [1]  52/4
invoked [1]  15/3
is [155]
Is that [2]  24/10 28/7
is that correct [4]  3/16
6/24 7/17 10/20
is there [3]  4/13 6/15
53/15
isn't [1]  15/25
issue [3]  40/3 51/12
51/14
issues [1]  52/1
it [49]  3/14 3/24 5/8
5/13 5/15 6/6 6/8 8/6
9/12 9/16 11/12 11/24
13/9 15/13 19/6 21/21
22/14 23/24 24/8 24/25
25/15 29/12 29/23 30/2
32/11 34/25 35/11
35/20 35/22 36/19 38/4
38/5 38/8 38/18 39/7
39/10 39/19 40/19
40/21 41/1 41/3 50/8
50/22 51/18 52/14
52/16 52/21 52/24
53/10
It states [1]  35/22
it would be [1]  38/18
it's [8]  11/11 24/20
29/7 29/10 32/24 38/2
39/5 52/16
its [5]  24/4 30/23 31/1
43/2 45/3
itself [1]  46/18

**J**

J.M [3]  35/11 35/11

JAMES [139]
James' [5]  5/3 9/20
36/9 50/3 52/22 53/6
January [6]  28/2 33/13
33/21 34/7 34/15 40/20
January 6th [1]  33/13
Joan [2]  2/2 3/6
job [2]  45/3 45/5
jobs [1]  48/4
joined [2]  30/25 46/2
Joint [1]  53/6
joni [2]  2/2 2/4
jonirobinlaw.com [1]
2/4
Joseph [2]  34/11 35/6
Joseph R [1]  35/6
JOSHUA [2]  1/6 3/4
JUDGE [1]  1/10 6/13
37/24
jumped [1]  33/15
June [2]  9/3 53/9
junior [1]  9/5
jurisdiction [1]  30/24
jurors [2]  42/20 43/3
jury [5]  14/11 44/8
44/13 44/22 48/5
just [39]  3/19 4/4 4/6
5/12 5/15 7/3 7/15 11/4
14/19 15/12 15/16 18/5
21/7 22/11 25/4 25/24
28/22 31/6 31/9 32/3
32/13 32/23 34/16 35/3
36/24 37/4 37/6 39/5
39/15 40/11 40/17 42/4
50/13 51/11 51/17 53/2
53/5 53/8 53/10
justice [6]  1/18 6/6
14/5 19/19 20/1 20/14
Justin [2]  1/18 3/5
Justin Sher [1]  3/5
justin.sher [1]  1/20

**K**

keep [3]  5/16 7/8 7/20
keeping [1]  3/11
King [1]  2/7
know [2]  11/4 37/19
knowingly [1]  6/5

**L**

ladies [1]  44/7
laid [1]  15/16
last [3]  9/12 41/3 41/16
law [16]  2/2 2/6 13/20
14/14 25/8 30/20 31/3
35/24 36/16 36/18
36/20 37/1 37/9 38/18
38/24 39/9
lawful [2]  33/7 33/15
laws [1]  35/25 37/2
37/11 39/11
lawyer [5]  43/7 43/17
45/10 45/11 45/16
lawyers [7]  6/23 7/16
10/7 10/11 47/5 47/22
50/18
leading [1]  33/21

leamed [1]  33/6
least [2]  35/4 46/1
leaving [4]  4/22 52/21
legal [1]  38/3
Leibig [4]  2/5 2/6 3/6
43/8
let [17]  3/19 5/1 5/12
26/9 7/14 7/14 11/4
28/9 31/8 32/13 35/3
36/23 37/8 39/5 41/2
50/13 52/20
let's [11]  19/13 27/21
29/6 31/6 32/10 33/2
33/11 34/6 41/16 53/5
53/8
lethal [1]  33/23
level [17]  19/13 19/23
20/6 20/12 20/18 20/23
20/24 20/25 21/3 21/5
21/9 21/15 21/18 21/22
22/3 22/24 22/24
levels [10]  19/24 19/25
20/2 20/3 20/5 20/12
20/13 20/14 20/16
20/16
liberties [1]  48/12
like [2]  3/12 50/17
likewise [1]  25/14
limitations [1]  54/7
line [2]  7/8 28/15
listed [1]  16/1
listed [1]  32/4
listen [2]  8/16 31/9
little [2]  5/14 30/5
logical [1]  38/7
long [1]  27/11
look [2]  11/8 29/10
lost [1]  7/4

**M**

made [10]  12/13 12/14
13/22 22/20 26/13 42/5
42/6 45/5 46/15 52/24
magazines [1]  41/7
main [1]  12/9
major [1]  4/14
make [22]  3/19 4/4
5/20 7/15 8/1 9/12 9/16
10/23 15/7 21/14 21/21
24/5 24/14 24/24 26/14
27/24 31/8 32/11 35/3
43/9 45/20 46/11
makes [3]  15/13 24/19
24/19
making [1]  8/23
March [1]  1/5
matter [2]  38/7 54/4
maximum [8]  16/9
16/12 17/9 17/12 18/5
18/6 27/12 46/24
may [16]  5/14 5/15 7/2
8/9 11/4 25/11 25/22
26/9 26/18 36/4 37/24
48/1 48/3 51/11 51/14
51/19
maybe [5]  3/23 4/7
4/18 37/13 52/11

59

**M**

me [37] 3/19 4/10 5/1 5/12 5/19 6/21 7/14 7/24 8/5 11/4 11/10 21/14 22/2 24/14 25/16 26/8 26/14 26/18 26/19 28/8 28/9 31/8 32/13 35/3 36/24 37/8 39/5 41/2 41/24 41/24 50/13 50/15 50/22 51/2 51/7 52/20 53/3
mean [4] 12/13 36/17 38/16 52/5
means [12] 5/21 8/22 20/25 23/8 24/3 25/21 26/2 27/9 33/14 36/19 40/12 44/6
mechanical [1] 2/16
medications [1] 9/11
meditated [1] 36/17
MEHTA [1] 1/10
members [1] 30/21
memory [1] 19/17
merely [1] 36/19
Merit [1] 2/12
met [2] 33/4 40/20
metropolitan [2] 33/5 35/10
might [5] 9/12 9/16 25/15 34/1 48/12
million [1] 28/1
mind [1] 41/24
mine [2] 27/7 27/8
Minuta [1] 34/8
minute [1] 39/23
minutes [1] 7/9
misheard [1] 51/15
missed [1] 3/24
misspeak [1] 51/19
mistakes [2] 45/6 45/6
mixed [1] 38/13
mob [1] 35/12
modification [1] 39/5
moment [4] 11/3 31/7 34/16 36/4
months [2] 22/5 22/5
more [7] 16/18 17/15 19/7 30/17 30/21 39/15 40/17
most [2] 19/15 19/17
motion [8] 23/24 24/5 24/19 24/21 24/24 46/2 46/5 47/12
motions [2] 43/10 46/14
motive [2] 35/1 37/5
motives [3] 34/20 37/10 38/13
move [4] 7/13 12/19 12/20 23/13
moved [1] 23/9
Mr [3] 36/3 37/16 41/20
Mr. [165]
Mr. Caldwell's [1] 33/6
Mr. Douyon [2] 8/16 29/8
Mr. Edwards [9] 3/23 30/7 30/9 31/6 31/9

Mr. James [136]
Mr. James' [6] 5/3 9/20 36/9 50/3 50/22 53/6
Mr. Leibig [1] 43/8
Mr. Minuta [1] 34/8
Mr. Rhodes [7] 33/4 33/14 33/21 40/20 40/22 40/25 41/9
Mr. Rhodes' [1] 41/5
Mr. Walden [1] 34/8
Ms. [10] 5/2 5/3 5/7 5/12 7/13 15/17 36/23 43/7 49/20 52/20
Ms. Robin [10] 5/2 5/3 5/7 5/12 7/13 15/17 36/23 43/7 49/20 52/20
much [2] 7/12 28/23
multiple [3] 34/20 41/6 41/7
must [2] 25/7 25/9
mute [3] 7/8 28/12 28/15
my [17] 9/5 9/9 9/25 21/18 21/18 24/20 26/23 26/23 27/2 27/7 28/23 35/13 35/14 35/16 35/17 41/24 49/23
myself [1] 52/13

**N**

National [1] 33/25
necessary [4] 33/14 33/24 34/24 52/14
need [10] 5/16 7/2 7/21 7/25 8/14 11/3 30/15 37/16 37/18 53/15
needs [1] 5/13
negotiations [1] 38/2
nevertheless [1] 53/5
new [1] 45/6
newly [1] 47/20
next [2] 16/6 42/11
night [1] 41/7
night-vision [1] 41/7
no [18] 1/4 3/3 9/14 9/18 9/22 9/23 12/4 18/21 26/13 27/4 30/3 37/12 38/25 39/3 42/8 48/24 49/6 49/21
nobody [2] 27/6 44/11
non [1] 13/19
non-violent [1] 13/19
None [1] 49/18
North [1] 2/3
not [50] 5/13 12/2 12/6 12/13 12/13 13/9 13/18 15/4 15/14 16/17 16/25 17/15 17/23 19/9 21/23 22/15 22/23 24/9 24/13 24/24 24/25 27/12 27/16 27/17 29/2 32/23 35/1 35/17 36/10 36/25 37/5 37/18 40/5 40/7 41/20 41/25 42/14 43/16 43/22 44/8 44/14 44/23 45/10 45/23 46/7

53/16
notate [2] 52/11 52/13
note [1] 54/5
Nothing [3] 6/18 6/20 53/18
notice [1] 14/21 14/23 15/3
noticed [1] 4/7
November [1] 33/4
now [22] 8/13 8/21 10/6 11/14 11/23 12/6 15/2 16/6 18/8 18/10 18/25 19/8 22/10 23/22 24/3 25/4 25/4 25/21 28/22 29/14 38/4 44/11
number [2] 46/11 50/17
NW [3] 1/15 1/19 2/14

**O**

oath [3] 8/15 8/18 8/21
object [1] 43/10
objection [1] 39/3
objections [1] 46/14
obligated [7] 16/20 16/23 16/24 17/18 17/21 17/25 28/18
obligation [1] 24/5
obstructed [1] 31/23
obstruction [13] 10/18 12/24 17/18 19/19 20/3 20/10 20/16 31/17 31/20 32/3 46/2 49/12 50/5
obvious [1] 38/14
obviously [3] 4/23 34/20 53/6
occurred [1] 54/5
off [4] 36/6 37/22 39/25 50/9
offense [38] 13/3 13/5 13/11 13/19 19/13 19/15 19/18 19/23 20/6 20/6 20/12 20/17 20/18 20/22 20/23 20/24 20/24 20/25 21/5 21/9 21/15 21/18 21/22 22/3 22/24 22/24 25/17 29/8 29/9 29/11 29/14 29/15 30/8 30/11 32/11 32/14 32/20 38/24
offenses [6] 16/9 18/7 18/16 18/17 20/22 48/2
OFFICE [7] 1/14 2/2 13/22 14/6 19/2 21/14 50/15
officer [7] 2/10 35/10 35/10 36/12 36/18 36/20 38/9
officers [1] 35/15
OFFICES [1] 2/6
official [11] 2/13 10/19 12/24 17/8 20/10 31/17 31/20 31/24 32/3 49/12 50/6
okay [48] 3/10 3/15 4/4 5/11 5/15 6/15 7/1 7/11

particular [4] 4/18 12/11 12/12 12/12
parties [9] 4/9 6/7 18/20 19/8 19/18 23/2 23/6 52/14 53/3
parties' [1] 6/8
patience [2] 3/12 3/14
pause [2] 31/6 34/17
pay [14] 16/20 16/23 16/24 17/18 17/21 18/1 17/23 28/6 28/11 28/18 28/23 28/24 28/25 30/9
penalties [6] 16/9 16/24 16/25 17/22 18/5 18/6
penalty [2] 16/12 17/10
pending [1] 53/14
Pennsylvania [1] 1/19
perhaps [1] 5/13
perimeter [1] 33/23
perjury [1] 8/23
permanent [1] 38/8
permitted [1] 46/7
person [7] 3/22 5/4 5/9 5/21 5/22 6/2 6/5
persons [1] 30/17
perspective [1] 4/16
phone [4] 5/16 7/3 7/7 7/21
phones [1] 41/7
physical [9] 35/23 36/11 36/16 36/18 36/19 37/1 37/9 39/9 40/23
place [2] 8/14 30/23
placed [2] 8/18 8/21
placement [1] 40/3
plainly [1] 37/13
Plaintiff [1] 1/4
plan [1] 33/13
planning [2] 20/2 20/15
plans [1] 33/7
plea [56]
plea agreement [7] 3/25 11/16 14/24 22/19 29/7 29/16 42/5
plea agreements [1] 4/15
plead [11] 6/24 10/15 12/18 12/22 42/7 42/14 48/13 49/4 49/9 49/12 49/25
pleading [1] 18/7 18/16 30/8 30/12 45/22 48/3 48/25
pleas [1] 4/8
please [6] 28/15 30/7 30/9 31/16 48/9 54/9
point [7] 5/16 8/4 18/25 21/9 22/11 36/9 37/25
points [2] 18/21 19/7
police [1] 35/10
possess [1] 48/5
post [1] 48/11
post-conviction [1] 48/11

Case 1:22-cr-00015-APM Document 101-8/5 Filed 01/25/23 Page 60 of 62

**P**

**potentially** [1] 16/24
**power** [6] 33/8 33/16
36/1 37/3 37/11 39/12
**pre** [1] 36/17
**pre-meditated** [1]
36/17
**prefer** [1] 52/10
**preliminary** [1] 5/1
**premeditated** [2] 36/11
36/25
**preparation** [2] 20/2
20/15
**prepared** [9] 4/3 5/6
5/8 33/22 41/9 41/11
50/14 50/15 52/22
**present** [6] 14/18
14/22 15/4 43/20 44/2
51/1
**Presentence** [1] 50/9
**President** [6] 33/25
34/2 34/11 34/11 35/5
35/6
**President Trump** [2]
33/25 34/2
**President-Elect** [2]
34/11 35/5
**Presidential** [3] 33/8
33/16 34/2
**presumed** [3] 42/18
42/24 43/23
**pretrial** [3] 2/10 3/7
41/25
**Prettyman** [1] 2/13
**prevent** [9] 35/24 37/2
37/10 38/3 38/7 38/11
38/17 38/17 39/10
**preventing** [2] 30/19
31/2
**prevention** [1] 38/8
**prior** [3] 13/22 19/2
50/14
**prison** [2] 16/13 17/10
**Probation** [5] 19/2
21/14 50/15 52/3 52/6
**Probation Office** [3]
19/2 21/14 50/15
**problem** [3] 38/2 38/20
52/5
**proceed** [4] 3/19 6/7
6/12 6/13
**proceeding** [11] 3/22
10/19 12/24 17/9 20/11
31/17 31/21 31/24 32/3
49/12 50/6
**proceedings** [7] 1/9
2/16 9/13 9/17 45/4
53/22 54/4
**proceeds** [1] 15/20
**produced** [1] 2/16
**promise** [4] 12/12
12/13 26/13 27/6
**promised** [1] 27/2
**promises** [4] 22/20
42/4 42/5 42/6
**proposed** [1] 26/18
**prosecute** [1] 13/24
**prosecuted** [1] 8/23

**prosecutors** [1] Document 101
**prove** [3] 30/15 31/5
31/22
**provide** [2] 15/25 16/1
**provided** [4] 10/11
14/22 15/2 25/18
**provides** [1] 15/14
**proving** [2] 42/19 43/1
**provision** [1] 14/20
**public's** [1] 6/9
**pulling** [2] 35/12 35/13
**purpose** [1] 34/14
**purposes** [1] 35/4
**pushed** [1] 35/15
**put** [7] 5/16 11/6 18/22
43/21 43/22 50/8 53/5

**Q**

**qualify** [1] 37/6
**qualm** [1] 38/22
**question** [9] 3/23 4/6
8/5 8/9 9/20 28/9 40/21
43/11 48/18
**questions** [10] 5/1
7/25 7/25 8/14 12/1
29/25 48/15 48/21
49/16 50/17

**R**

**raise** [5] 6/16 8/15 8/17
47/4 51/11
**range** [14] 22/7 22/15
23/8 23/9 23/19 25/5
25/6 25/22 25/23 26/22
27/10 27/11 27/11
46/25
**reached** [1] 6/8
**read** [5] 11/23 11/24
29/22 29/23 38/4
**reading** [1] 38/4
**really** [1] 39/18
**Realtime** [1] 2/12
**reason** [5] 9/15 9/20
19/6 28/25 47/13
**reasonable** [5] 30/16
31/5 31/22 42/19 43/1
**receive** [1] 21/3
**received** [2] 47/5 47/21
**recommendation** [3]
21/14 24/19 26/14
**record** [11] 4/5 36/7
37/17 37/23 40/1 51/18
52/17 52/19 52/21
52/25 54/3
**recorded** [1] 2/16
**reduction** [1] 21/4
**Registered** [1] 2/12
**release** [5] 16/17 17/15
41/18 41/19 53/14
**relevant** [1] 25/11
**relieved** [1] 24/4
**relieving** [1] 43/2
**remain** [4] 44/12 44/13
44/22 53/13
**remaining** [1] 13/14
**remotely** [6] 3/22 6/1
6/7 6/12 6/14 54/7
**remove** [3] 33/24 34/2

**repeat** [1] 8/5 Filed 01/25/23
**repeatedly** [1] 35/15
**report** [7] 33/22 50/9
50/14 50/15 50/16
50/22 53/6
**Reporter** [4] 2/11 2/12
2/12 2/13
**reporting** [1] 54/7
**represent** [3] 43/8
43/17 45/16
**representations** [1]
10/1
**request** [2] 14/17 52/2
**required** [5] 12/10 25/7
40/7 42/14 43/22
**reservation** [1] 47/1
**reserved** [4] 23/18
25/15 26/6 26/8
**reserving** [6] 4/9 4/11
13/23 46/23 47/3 47/19
**respect** [2] 38/19 41/17
**responsibility** [1] 21/4
**responsible** [1] 17/3
**restaurant** [1] 40/21
**restitution** [10] 16/21
16/25 17/19 17/22
27/22 27/22 28/6 28/11
28/19 28/23
**resubmitted** [1] 52/10
**result** [1] 34/2
**retaliate** [3] 39/21 40/6
40/14
**review** [4] 19/3 21/13
45/4 50/21
**Rhodes** [7] 33/4 33/14
33/21 40/20 40/22
40/25 41/9
**Rhodes'** [1] 41/5
**right** [107]
**rights** [13] 8/2 41/17
42/11 42/21 47/1 48/2
48/9 48/11 48/11 48/11
48/16 48/21 49/24
**risk** [1] 7/4
**RMR** [2] 54/2 54/11
**Robin** [3] 2/2 2/2 3/6
5/2 5/3 5/7 5/12 7/13
15/17 36/23 43/7 49/20
52/20
**role** [2] 20/5 20/17
**Rotunda** [1] 34/9
**rounds** [1] 41/6
**rule** [1] 12/10
**ruling** [1] 51/16

**S**

**said** [1] 52/16
**same** [5] 20/11 20/24
21/7 23/17 53/13
**satisfaction** [1] 12/3
**satisfied** [3] 8/1 10/10
49/24
**say** [4] 5/12 28/25 33/3
37/4
**says** [3] 30/2 33/12
33/20
**school** [1] 9/4
**Schuck** [2] 2/10 3/7

**scope** [4] Page 60 of 62
45/23 46/5
**scopes** [1] 41/7
**score** [1] 23/4
**screen** [5] 11/7 11/9
11/15 11/20 29/9
**scuffle** [1] 38/9
**second** [3] 18/1 28/8
30/21
**Section** [2] 30/15
31/21
**secure** [1] 33/23
**seditious** [10] 10/17
12/22 16/12 19/14
19/22 30/14 31/10 49/9
50/4 51/23
**see** [3] 3/24 7/8 39/6
**seen** [1] 15/2
**sensitive** [1] 4/14
**sent** [1] 34/1
**sentence** [17] 12/7
12/11 26/14 27/3 27/7
27/9 27/12 27/16 38/16
39/17 46/11 46/17
46/20 46/24 46/25
47/12 47/14
**sentencing** [26] 4/1
4/3 12/19 13/14 15/8
15/15 16/7 16/10 18/8
18/14 19/2 25/11 25/16
46/12 46/15 47/6 47/13
47/23 50/8 50/14 51/2
51/7 52/3 52/7 53/7
53/14
**separate** [1] 13/3
**September** [1] 54/10
**series** [1] 7/25
**serve** [1] 48/4
**serves** [1] 19/17
**Service** [1] 3/7
**services** [2] 10/10 10/11
**set** [2] 52/6 53/8
**Sher** [2] 1/18 3/5
**shortly** [1] 13/4
**should** [10] 21/15
24/15 28/25 29/1 33/3
38/1 44/8 46/17 47/14
49/17
**sic** [1] 40/25
**side** [2] 6/16 9/19
**sides** [1] 4/10
**signature** [1] 11/20
29/19
**significant** [1] 4/7
**silent** [3] 44/12 44/13
44/22
**since** [1] 3/22
**single** [4] 12/7 12/7
32/23 34/23
**sir** [180]
**sit** [1] 14/13
**small** [1] 51/11
**smaller** [1] 52/1
**so** [35] 3/13 3/14 4/3
5/14 5/14 5/17 6/4 7/6
7/8 7/14 8/15 15/4
18/14 19/22 22/2 24/12
27/2 27/9 27/11 28/9

**31/24 34/3 36/10**
36/20 39/5 40/8 40/11
41/16 51/17 51/23
52/25 53/2 53/9 53/9
**So I think** [2] 28/17
53/9
**some** [7] 4/18 5/15
19/6 22/20 28/25 38/9
47/13
**something** [6] 15/4
38/6 38/14 53/3 53/5
53/10
**sorry** [5] 3/11 48/18
48/20 51/19 51/21
**sort** [3] 4/14 4/25 18/18
**speak** [1] 37/13
**Special** [2] 17/4 18/1
**specific** [2] 4/23 39/1
**specifics** [1] 4/18
**stand** [2] 44/7 53/4
**start** [1] 33/2 33/7
**Starting** [1] 18/20
**state** [1] 30/7
**stated** [1] 51/16
**statement** [28] 3/24
8/23 13/3 13/5 13/11
29/7 29/9 29/11 29/14
29/15 32/10 32/14
32/19 33/8 33/16 34/3
34/22 35/18 37/18
38/20 38/23 38/23
39/22 40/24 41/13
52/10 52/15 52/23
**statements** [1] 15/6
**states** [27] 1/1 1/3 1/10
3/3 10/3 10/17 10/19
14/4 25/8 27/25 30/20
30/22 30/24 31/3 33/3
34/7 34/12 35/6 35/22
39/20 39/21 40/6 40/14
40/15 40/21 50/5 50/6
**status** [4] 41/21 41/24
41/25 53/6
**statute** [4] 45/21 45/24
46/5 51/16
**statutory** [2] 27/12
46/24
**stenography** [1] 2/16
**still** [1] 48/12
**stop** [1] 33/15
**Street** [3] 1/15 2/3 2/7
**stretch** [1] 42/10
**strong** [1] 5/13
**subject** [2] 30/23 54/6
**submit** [2] 53/3 53/10
**submitted** [1] 50/22
**substantial** [3] 15/24
20/1 20/14
**such** [6] 15/20 39/18
40/13 45/9 45/10 47/20
**suggest** [2] 38/8 38/18
**Suite** [1] 2/7
**supervised** [2] 16/17
17/15
**support** [1] 34/24
**supposed** [2] 19/16
20/22
**sure** [10] 4/19 5/20

**S**

sure... [8]  7/15 8/1
10/23 31/8 32/11 35/3
36/5 39/24

**T**

tactical [1]  41/8
take [10]  5/15 7/9 11/8
29/10 33/13 45/9 50/8
53/10 53/15 53/20
taken [1]  9/11
taking [2]  39/18 40/12
talk [4]  10/6 16/10
19/13 37/16
talked [3]  25/4 25/24
42/4
talking [1]  13/4
technological [1]  54/7
term [2]  16/17 17/15
38/10
terms [4]  8/3 12/19
16/7 38/3
Terrific [1]  7/23
territories [1]  30/23
testify [5]  8/22 14/10
44/6 44/11 44/18
Texas [1]  41/4
than [10]  4/18 16/18
17/16 19/7 21/22 22/25
29/1 29/2 38/7 42/4
Thank [14]  3/11 7/10
8/19 15/1 15/17 30/13
34/18 36/8 37/20 40/2
51/24 53/12 53/20
53/21
Thank you [10]  3/11
7/10 8/19 15/1 15/17
30/13 51/24 53/12
53/20 53/21
that [386]
that'll [1]  7/13
that's [23]  3/18 4/14
4/23 10/24 12/7 12/23
15/4 23/22 26/23 27/6
28/23 29/6 29/16 38/19
38/19 40/7 40/8 41/17
41/25 46/24 50/10
51/23 52/5
their [3]  4/9 33/7 45/5
them [2]  32/25 34/21
then [20]  3/20 9/25
11/9 12/19 12/20 16/10
19/13 22/2 29/6 33/11
35/14 35/15 39/15
40/18 41/16 49/8 49/23
52/1 52/9 53/10
there [21]  4/13 5/14
6/15 7/4 9/15 10/24
12/1 12/20 13/2 14/20
15/15 28/1 29/14 29/19
34/19 38/13 45/2 49/16
50/14 53/11 53/15
there's [4]  4/17 7/3
50/2 52/7
therefore [3]  43/16
50/3 54/6
these [5]  8/14 9/13
9/17 22/10 22/11

they [18]  9/15 12/14
14/24 18/14 23/7 26/18
42/20 43/8 43/9 43/10
43/11 46/16 50/15
they've [2]  26/8 43/9
thing [5]  12/16 16/6
16/8 41/16 42/11
things [5]  14/10 38/5
43/9 53/4 53/4
think [16]  4/14 7/2 7/3
7/13 9/16 24/13 25/11
28/12 28/17 32/24
34/19 38/2 38/15 38/19
52/14 53/9
third [1]  30/25
this [71]
thorough [1]  19/3
those [18]  4/25 7/25
14/17 15/4 15/7 18/5
18/6 18/17 25/24 26/18
31/12 32/6 34/23 42/21
45/6 46/12 46/16 47/1
though [2]  24/18 28/24
thousands [1]  41/6
threatened [1]  49/3
threatening [2]  19/24
20/13
three [9]  16/18 17/16
18/15 19/25 20/5 20/13
20/16 21/3 38/5
three-level [1]  21/3
through [3]  7/13 34/9
51/1
throughout [1]  43/7
time [6]  9/21 10/6 11/3
13/14 35/13 37/13
timely [2]  17/1 17/23
titled [2]  29/11 54/4
today [6]  7/16 10/7
12/9 44/1 45/14 46/19
Todd [1]  1/18
token [1]  23/17
told [2]  40/23 41/9
too [1]  7/3
took [1]  41/5
total [5]  18/2 20/17
21/4 21/8 22/3
toward [1]  35/12
towards [1]  35/15
traceable [1]  15/20
transcript [3]  1/9 2/16
54/3
transcription [1]  2/16
transfer [6]  33/7 33/15
36/1 37/3 37/11 39/11
transport [1]  41/10
treason [1]  19/15
trial [20]  10/15 14/11
42/15 42/17 42/18 43/7
43/8 43/15 43/17 44/3
44/5 44/18 44/22 45/1
45/4 45/5 45/7 45/16
45/17 48/10
tried [1]  33/24
tripped [1]  40/8
Troy [2]  1/14 3/5
troy.edwards [1]  1/17
Trump [2]  33/25 34/2

turn [18]  3/20 5/1 6/16
6/21 15/19 24/14 25/22
27/21 29/6 30/5 30/6
32/10 33/11 34/6 40/19
41/2 41/16 41/17
turns [3]  19/6 21/21
22/14
two [14]  4/7 9/12 10/15
18/7 20/1 20/3 20/14
20/16 20/21 47/1 47/19
48/2 51/12 52/1

**U**

U.S [2]  1/14 1/18
U.S. [2]  13/22 14/6
U.S. Attorney's Office
[2]  13/22 14/6
U.S.C [5]  30/15 31/21
51/17 51/18 51/24
ultimately [5]  21/17
24/12 24/20 26/21
27/16
unanimously [2]  42/20
43/3
unconstitutional [2]
45/22 46/4
under [13]  6/12 8/14
8/18 8/21 19/16 24/5
24/5 24/19 25/8 28/19
30/14 31/20 31/21
understand [90]
understanding [3]
38/23 40/11 48/9
understands [3]  28/18
40/9 49/24
understood [22]  8/6
12/14 13/15 13/25 18/2
19/10 21/24 22/16 23/4
23/19 24/10 26/24
27/13 28/7 29/3 39/2
43/17 44/3 44/19 45/12
45/17 51/3
UNITED [23]  1/1 1/3
1/10 3/3 10/3 10/17
10/19 14/4 25/8 27/25
30/20 30/22 30/24 31/3
34/12 35/6 39/20 39/21
40/6 40/14 40/15 50/5
50/6
United States [13]
14/4 25/8 27/25 30/24
31/3 34/12 35/6 39/20
39/21 40/6 40/14 40/15
50/5
United States of [1]
3/3
unlawful [1]  31/1
unlawfully [1]  34/8
until [1]  52/6
up [37]  5/25 6/2 7/20
8/2 11/6 11/14 19/8
23/9 24/8 29/9 33/14
33/21 38/1 38/12 38/15
39/16 40/8 40/18 41/24
42/12 42/24 42/25
43/15 43/16 44/2 44/6
44/18 44/21 45/15

48/10 48/16 48/22 52/6
53/15
upon [11]  9/25 14/21
18/15 22/2 23/10 23/23
25/24 26/19 33/22
41/10 49/23
upward [3]  4/12 4/12
23/14
us [1]  7/13
usdoj.gov [2]  1/17
1/20
use [13]  33/14 33/15
33/23 35/22 35/23 36/2
36/14 36/15 36/15 38/3
39/7 39/8 40/7
used [2]  15/7 15/14
38/10
using [2]  36/3 36/24
usual [1]  4/15

**V**

VA [2]  2/3 2/8
validly [1]  36/10
valuable [1]  48/2
variances [3]  4/10 4/11
4/12
various [1]  23/10
vary [3]  25/23 26/3
26/7
versus [1]  3/4
Very [1]  7/10
vest [1]  35/12
via [1]  1/9 3/8 5/9
victim [1]  27/24
video [2]  5/9 5/17
videoconference [1]
3/8
violation [6]  10/17
10/19 13/19 50/4 50/6
51/24
violence [2]  13/24
41/11
violent [1]  13/19
Virginia [1]  33/6
vision [1]  41/7
voice [1]  7/20
volume [1]  7/21
voluntarily [2]  6/5 50/1
vote [1]  48/4
vs [1]  1/5

**W**

waiting [1]  3/11
waive [4]  5/6 5/9 14/16
52/22
Waiver [1]  41/17
waiving [5]  3/21 6/5
15/5 47/18 49/24
Walden [1]  34/8
want [10]  4/4 5/20 7/4
7/15 10/23 32/11 36/10
37/17 40/19 50/8
wanted [1]  51/17
wants [1]  6/16
War [1]  41/11
was [23]  13/20 13/22
21/8 28/1 34/13 34/20

34/25 35/4 35/18
35/20 36/2 36/19 37/2
37/5 37/9 38/10 38/14
38/14 38/16 39/10
51/18 52/24
Washington [5]  1/5
1/15 1/19 2/14 33/5
wasn't [1]  52/12
way [5]  7/8 20/20 21/7
46/16 49/4
we [26]  3/19 3/22 5/5
5/15 5/17 6/11 6/16 7/2
7/6 7/8 7/9 12/20 14/22
28/17 30/5 34/16 34/22
36/4 37/18 37/24 38/9
41/17 52/24 53/2 53/10
53/15
we will [1]  12/20
we'll [7]  5/15 7/6 13/4
16/10 39/15 40/18 53/7
we're [9]  3/15 19/16
20/22 38/4 38/15 38/19
42/10 42/11 52/25
we've [5]  25/4 25/24
36/13 40/8 42/4
weeks [1]  33/20
well [13]  4/11 6/9 7/10
8/3 8/10 9/25 12/23
15/20 20/4 26/6 31/6
45/16 46/24
went [2]  38/9 42/17
were [7]  10/3 34/19
36/25 37/8 38/5 38/13
45/1
what [34]  8/2 8/22 9/1
10/24 12/9 12/17 12/17
12/18 18/17 18/18 19/1
20/24 21/12 21/14
21/17 23/7 23/12 24/3
25/21 26/2 26/13 26/21
26/22 27/2 27/7 30/1
30/1 38/11 40/8 41/23
46/13 48/15 48/21
52/15
what's [2]  11/9 47/11
whatever [5]  23/8
25/22 26/9 26/17 26/17
when [11]  3/13 34/14
35/23 36/16 36/19
36/25 37/8 38/2 38/9
39/8 51/15
where [5]  38/19 40/3
53/3
whether [6]  11/10 24/9
24/20 30/10 32/13 45/6
which [20]  4/6 10/16
10/18 11/19 13/21 18/7
18/16 18/22 30/8 30/11
33/2 33/3 38/17 41/3
45/21 45/23 47/13 48/2
49/8 49/11
while [3]  35/13 38/8
52/3
White [2]  33/23 33/25
White House [2]  33/23
33/25
who [2]  33/24 34/1
whole [5]  25/7 27/24

**W**

**whole... [1]** 38/15
**whose [1]** 35/10
**why [5]** 7/6 7/9 38/13
44/8 53/2
**will [30]** 11/9 12/20
13/9 13/14 14/24 15/14
16/20 16/23 17/3 17/18
17/21 17/25 19/1 19/3
21/3 21/12 21/14 22/23
27/3 27/7 43/16 46/6
50/14 50/16 50/18
50/21 50/25 51/6 53/4
53/13
**William [3]** 2/11 54/2
54/11
**wish [14]** 6/24 7/16 8/8
10/7 10/15 10/24 25/15
42/15 47/21 48/13
50/19 51/2 51/8 52/22
**wished [2]** 43/21 44/12
**wishes [1]** 3/16
**withdraw [7]** 19/10
21/23 22/16 25/1 27/18
29/2 41/25
**within [4]** 13/20 27/10
45/23 46/4
**witness [1]** 44/7
**witnesses [1]** 43/11
**won't [1]** 52/6
**word [2]** 40/4 40/7
**words [1]** 36/13
**work [2]** 20/20 25/10
**would [39]** 3/25 4/17
18/22 19/9 21/23 22/15
24/25 25/11 25/16
27/17 29/2 30/15 31/4
31/22 37/4 38/8 38/18
38/18 42/18 42/18
42/20 43/6 43/7 43/8
43/9 43/10 43/19 43/22
43/23 44/5 44/13 45/2
45/3 45/5 45/11 46/10
52/2 52/9 53/10
**wrap [2]** 39/15 40/18
**written [3]** 14/21 14/22
15/2

**Y**

**Yeah [4]** 4/21 28/15
51/21 52/5
**year [3]** 9/5 9/5 9/6
**years [4]** 16/13 16/18
17/10 17/16
**yell [1]** 35/16
**yelled [1]** 35/13
**yes [138]**
**you [347]**
**You agree [1]** 33/12
**you understand [2]**
5/20 27/17
**you'll [1]** 39/6
**you're [16]** 11/10 15/5
18/7 28/12 30/11 37/17
41/19 42/24 42/25
43/15 43/16 44/18
44/21 45/15 46/19
47/19

**you've [7]** 5/8 11/21 12/12
12/17 14/13 14/16 15/2
15/3 15/10 15/18 15/25
16/1 23/12 24/13 25/18
28/5 28/10 28/24
**your [141]**
**Your Honor [37]** 3/2
3/18 4/2 4/17 5/5 6/19
7/10 9/22 14/19 18/12
28/4 28/8 28/13 29/12
29/20 30/13 31/4 31/19
34/16 34/18 36/4 36/8
37/4 37/20 38/25 39/13
49/19 49/21 50/10
50/12 51/11 51/15 52/9
52/25 53/12 53/17
53/19
**yours [1]** 35/17
**yourself [1]** 51/16

**Z**

**Zaremba [3]** 2/11 54/2
54/11
**zero [1]** 22/2
**ZOOM [3]** 1/9 7/8
28/15